## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CLEVELAND MEDICAL DEVICES INC., an Ohio Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 22-794-GBW |
| RESMED INC., a Delaware Corporation, | ) ) | |
| Defendant. | ) | |

## STIPULATED PROTECTIVE ORDER

Plaintiff Cleveland Medical Devices Inc. ("Plaintiff" or "CleveMed") and Defendant ResMed Inc. ("Defendant" or "ResMed") (collectively the "Parties," and individually a "Party") anticipate that discovery in this action will require the production of documents, things, and testimony that may be or contain confidential, sensitive, or proprietary information.  Therefore, the Parties hereby stipulate and agree to the request for, and entry of, the Protective Order set forth below.

Based on the stipulation of the Parties, and for good cause shown, IT IS HEREBY ORDERED THAT:

1.      **Scope**.  The terms of this Protective Order shall govern discovery and other pretrial and trial proceedings in this action.  All documents, information, and tangible things produced in the course of this litigation, including initial disclosures; responses to interrogatories and requests for admissions; written contentions; production and disclosure of documents, information, including electronically created or stored information, and items; and deposition, trial, and hearing testimony and exhibits, whether produced by a Party or nonparty, shall be subject to this Protective Order as set forth below.

1

2.      **Available Designations**.  Any information or materials produced by any Party or nonparty ("Producing Party") as part of discovery in this action to another Party ("Receiving Party") may be designated by the Producing Party (the "Designating Party") as (1) CONFIDENTIAL, (2) HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or (3) RESTRICTED CONFIDENTIAL SOURCE CODE (collectively, "Designated Material") under the terms of this Protective Order.

3.      **Rule 26(g) Certification**.  By designating something as Designated Material, counsel for the Designating Party certifies under Rule 26(g) of the Federal Rules of Civil Procedure that to the best of counsel's knowledge, information, and belief formed after a reasonable inquiry that the designation is (a) consistent with the Federal Rules of Civil Procedure and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (b) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (c) not unreasonable.

4.      **Standard for Confidential Designation**.  Subject to Paragraph 3 above, non-public information or materials may be designated as CONFIDENTIAL if the Designating Party believes in good faith that such information or materials must be protected against disclosure to third parties.  Absent a specific order by this Court, once designated as CONFIDENTIAL, such designated information shall be used by the Parties solely in this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.  The Parties shall use reasonable means to protect information or material designated as CONFIDENTIAL, including by taking reasonable

precautions to protect the information or materials from unauthorized physical or electronic access or dissemination.

     5.      **<u>Standard for Highly Confidential – Attorneys' Eyes Only Designation.</u>**

Subject to Paragraph 3 above, non-public information or materials may be designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY if the Designating Party believes in good faith that such materials comprise highly confidential information that likely would be of value to a competitor or potential competitor of the Designating Party possessing the information or harm the Designating Party and/or its officers, executives, and employees in the marketplace and that therefore must be protected from disclosure.  HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY information may include, without limitation, highly sensitive technical and/or operational information about the Designating Party and its products and services, highly sensitive investor information, highly sensitive financial information, highly sensitive agreements, licenses, or licensing information, marketing plans and forecasts, pricing and cost information, customer names and lists, sensitive personnel information that would not or could not otherwise normally be shared outside the company, and any other information the Designating Party in good faith believes falls within the scope of this provision.  Absent a specific order by this Court, once designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, such designated information shall be used by the Parties solely in this litigation, and not for any business, competitive, or governmental purpose or function, and such information shall not be disclosed to anyone except as provided herein.  The Parties shall use reasonable means to protect information or materials designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, including by taking reasonable precautions (considering the

highly sensitive nature of such information or materials) to protect the information or materials from unauthorized physical or electronic access or dissemination.

6.     **Designation Procedure**.  The designation of information or material as CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE for purposes of this Protective Order shall be made in the following manner by the Designating Party:

(a)     In the case of documents, exhibits, briefs, memoranda, interrogatory responses, responses to requests for admission, written contentions, or other materials (apart from depositions or other pretrial or trial testimony): by affixing the words CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE, as appropriate, to each page of any document containing any confidential information or material at the time such documents are produced or such information is disclosed, or as soon thereafter as the Designating Party becomes aware of the confidential nature of the information or material disclosed and sought to be protected hereunder; and

(b)     Parties may, at the deposition or within thirty (30) calendar days after receipt of a deposition hearing transcript, designate the deposition transcript or any portion thereof as CONFIDENTIAL,HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or "RESTRICTED CONFIDENTIAL SOURCE CODE pursuant to this Order by notifying the court reporter and opposing counsel.  Access to the deposition transcript so designated shall be limited in accordance with the terms of this Order.  Until expiration of the 30-day period, the entire deposition transcript shall be treated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY.  After the expiration of that

period, the transcript shall be treated only as actually designated.  There is no separate

obligation to review and designate specific portions of the transcript.

(c)     Notwithstanding Local Rule 30.3, counsel for any Designating Party shall

have the right to exclude from oral depositions, other than the deponent, deponent's

counsel, the reporter, and videographer (if any), any person who is not authorized by this

Order to receive Designated Material. Such right of exclusion shall be applicable only

during periods of examination or testimony directed to or constituting Designated

Material of the Designating Party.

(d)     The deposition transcripts that contain Designated Material shall have an

obvious legend on the title page that the transcript contains Designated Material.  All

video and/or audio copies of depositions for which the corresponding transcript has been

marked as containing Designated Material shall be marked with the same designation as

the transcript.

(e)     For documents produced in native form or for tangible items, the

Designating Party must affix in a prominent place CONFIDENTIAL, HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY, or "RESTRICTED CONFIDENTIAL

SOURCE CODE" as appropriate, on a cover sheet appended to the native document or

on the exterior of the tangible item.  If only a portion or portions of the information or

item warrant protection, the Designating Party, to the extent practicable, shall identify the

protected portion(s) and specify the level of protection being asserted.  If a native

document, or any portion thereof, is converted to another format or printed, the converted

file or printed copy must indicate the document is CONFIDENTIAL, HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY, or "RESTRICTED CONFIDENTIAL SOURCE CODE," as appropriate.

7.      **Access to Confidential Material**.  Information or material designated as CONFIDENTIAL, or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)      The Parties' outside counsel of record in this action and regular and temporary employees and staff of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b)      The Parties' in-house counsel who are involved in the litigation of this action and who have a need to see such information, subject and conditioned upon compliance with Paragraph 10 below;

(c)      No more than three (3) officers, directors, or employees of the Parties whose assistance is needed by counsel for the purposes of the litigation, subject and conditioned upon compliance with Paragraph 10 below;

(d)      Consultants and Experts, and their respective employees and staff, subject and conditioned upon compliance with Paragraphs 9 and 10 below;

(e)      The Court and its personnel;

(f)      Court reporters, videographers, and their staff employed in connection with this action;

(g)      Vendors retained by counsel for a Party for purposes of performing services in connection with this litigation, including, without limitation, photocopying, scanning, managing or hosting electronic documents produced during discovery, and

preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action, to the extent necessary to perform the services requested;

(h)     Non-technical jury or trial consulting services retained by counsel for a Party, subject to and conditioned upon compliance with Paragraph 10 below; and

(i)     Any other person only upon order of the Court or upon written consent of the Party or nonparty producing the confidential information or material subject to and conditioned upon compliance with Paragraph 10 below; and

(j)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8.     **<u>Access to Highly Confidential – Attorneys' Eyes Only Materials</u>**.  Information or material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(a)     Parties' outside counsel of record in this action and regular and temporary employees and staff of such counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(b)     Consultants and Experts, and their respective employees and staff, subject to and conditioned upon compliance with Paragraphs 9 and 10 below;

(c)     The Court and its personnel;

(d)     Court reporters, videographers, and their staff employed in connection with this action;

(e)     Vendors retained by counsel for a Party for purposes of performing services in connection with this litigation, including, without limitation, photocopying, scanning, managing or hosting electronic documents produced during discovery, and preparing demonstrative or other exhibits for deposition, trial or other court proceeding in this action, to the extent necessary to perform the services requested;

(f)     Non-technical jury or trial consulting services retained by counsel for a Party, subject to and conditioned upon compliance with Paragraph 10 below; and

(g)     Any other person only upon order of the Court or upon written consent of the Designating Party subject to and conditioned upon compliance with Paragraph 10 below; and

(h)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

9.     **Consultants and Experts**.  For purposes of this Protective Order, a consultant or expert shall be defined as a person who is: (i) neither an employee, agent or representative of a Party, nor anticipated to become an employee, agent or representative of a Party in the near future, (ii) not involved in competitive decision-making on behalf of a Party or a competitor of a Party, and (iii) who is retained or employed to assist in the preparation for trial in the Litigation, whether full or part time, by or at the direction of counsel for a Party.  A Party may disclose Designated Material to Consultants and Experts, provided that the Party identifies such Consultant or Expert to all other Parties no later than seven (7) days before disclosing such materials to such persons and no objection has been made by the other party.  Such identification shall include:

(a)     the individual's name and business title;

8

(b)     name of the individual's present employer and business address;

(c)     the individual's CV;

(d)     a list of all cases in which the individual has testified as an expert (at trial or deposition) within the last five years;

(e)     an identification of all companies with which the individual has consulted or by which the individual has been employed within the last five years; and

(f)     a signed copy of the Acknowledgement and Agreement to be Bound in the form attached hereto as Exhibit A.

Within seven (7) days of receiving written notice that the receiving Party intends to disclose Designated Material to an expert or consultant, the producing Party may object in writing to the proposed disclosure.  In the absence of an objection at the end of the seven (7) day period, the expert or consultant shall be deemed approved under this Protective Order.  There shall be no disclosure of Designated Material to any expert or consultant prior to expiration of this seven (7) day period.  If the producing Party objects to disclosure to the expert or consultant within such seven (7) day period, the parties shall meet and confer within three business (3) days following the objection, and shall attempt in good faith to resolve the dispute on an informal basis.  If the dispute is not resolved, the Party who objects to the disclosure to the Consultant or Expert shall apply to the Court within ten (10) business days after the date of the meet and confer, for resolution of that dispute by utilizing the procedures set forth in Paragraph 4(g) of the Scheduling Order.  Pending resolution of the dispute, no disclosure shall be made to the Consultant or Expert.  If no application is made by the party objecting to the proposed Consultant or Expert within ten (10) business days after the meet and confer, the objection shall be deemed withdrawn and disclosure may be made to the Consultant or Expert.

10.     **Execution of Acknowledgment**.  All persons listed in Paragraphs 7(b)-(d) and 7(h)-(i) above may be given access to information or material designated as CONFIDENTIAL, provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the Acknowledgement and Agreement to be Bound in the form attached hereto as Exhibit A. Similarly, all persons listed in Paragraphs 8(b) and 8(f)-(g) above may be given access to information or material designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the Acknowledgement and Agreement to be Bound in the form attached hereto as Exhibit A.  Similarly, all persons listed in Paragraphs 11(b)(ii) and (vi) below may be given access to information or material designated as RESTRICTED CONFIDENTIAL SOURCE CODE provided that they first confirm their understanding and agreement to abide by the terms of this Protective Order by completing and signing a copy of the Acknowledgement and Agreement to be Bound in the form attached hereto as Exhibit A.

11.     **Source Code**.  "Source Code" means computer code, scripts, assembly, binaries, object code, source code declarations, functions, and parameters, object code listings and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip.  A Producing Party may designate Source Code it produces in this case as RESTRICTED CONFIDENTIAL SOURCE CODE only if it comprises or includes confidential, proprietary, or trade secret Source Code.  Material designated as RESTRICTED CONFIDENTIAL SOURCE CODE shall be subject to the following provisions:

(a)     Any Source Code produced in discovery shall be made available for inspection by the Producing Party to the Receiving Party's outside counsel and/or

10

consultants and experts, in a format allowing it to be reasonably reviewed and searched, and specifically in an indexed format if such format is reasonably available and reasonably capable of implementation, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's outside counsel or another mutually agreeable location.  The Source Code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers (the "Source Code Computer"), and the Receiving Party shall not transfer any portion of the Source Code onto any recordable media or recordable device.

(b)      Information or material designated as RESTRICTED CONFIDENTIAL SOURCE CODE, or copies or extracts therefrom and compilations and summaries thereof, may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

(i)      Parties' outside counsel of record who have individually entered an appearance in this action and the administrative assistants and paralegals for such individual counsel to whom it is necessary that the information or material be shown for the purposes of this litigation;

(ii)      Consultants and Experts, and their respective employees and staff, subject to and conditioned upon compliance with Paragraphs 9 and 10;

(iii)      The Court and its personnel;

(iv)      Court reporters, videographers, and their staff employed in connection with this action;

(v)      Vendors retained by counsel for a Party for purposes of performing services in connection with this litigation, including, without limitation,

11

photocopying, scanning, managing or hosting electronic documents produced during discovery, and preparing demonstrative or other exhibits for deposition, trial or other court proceeding in this action, to the extent necessary to perform the services requested;

(vi)   Any other person only upon order of the Court or upon written consent of the Designating Party subject to and conditioned upon compliance with Paragraph 10; and

(c)   The Receiving Party shall provide, in writing, five (5) business days' notice that it wishes to inspect the Source Code.  All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order. The Receiving Party may make reasonable requests to inspect the Source Code on shorter notice, and permission shall not be unreasonably withheld by the Producing Party.  The Producing Party shall provide access to the Source Code Computer from 9 a.m. to 5 p.m. local time on business days (i.e., weekdays that are not federal holidays) for review by the Receiving Party.  To the extent the Receiving Party wishes to gain access to the Source Code Computer outside of those times, the Receiving Party shall provide Producing Party at least forty-eight (48) hours' advance notice.  Permission for access outside of the aforementioned times will not be unreasonably withheld.

(d)   Proper identification of all persons inspecting the Source Code must be provided prior to any access to the Source Code Computer.  Access to the Source Code

Computer may be denied, at the discretion of the Producing Party, to any individual who fails to provide proper identification or follow the provisions in this Protective Order.

(e)     All persons who review a Producing Party's Source Code on the Source Code Computer on behalf of a Receiving Party shall sign, on each day they review Source Code, a log that will include the names of persons who enter the secure location to view the Source Code and when they enter and depart each day.  The Producing Party's outside counsel of record shall maintain the log and any party shall be entitled to review the log.

(f)     No recordable media or recording devices, including, without limitation, sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted in the Source Code Material review room. The Receiving Party may take electronic notes relating to the Source Code Material but may not copy Source Code Material into their notes.  In addition to the Source Code Computer, the Producing Party shall make available in the secure location a reasonably modern laptop computer with no network connection or camera functionality (the "Notetaking Computer") for purposes of enabling the Receiving Party's outside counsel or consultants to take notes relating to the Source Code. The Receiving Party may not take such notes electronically on any other computer or electronic device.  The Notetaking Computer shall have pre-installed a commercially reasonable text editing program, Microsoft Excel or OpenOffice Calc spreadsheet software, and an encryption program which uses AES-256 encryption. The Receiving Party shall, upon completion of its review, store its notes within an encrypted volume using AES-256 encryption, protected by at least a 20-character password. Upon completion of each review session,

13

the Producing Party shall, upon request by the Receiving Party, provide the Receiving Party with an electronic storage medium, such as a USB storage device, containing the encrypted volume file with the notes taken by the Receiving Party. At the start of each review session, the Producing Party also shall, upon request by the Receiving Party, copy an updated encrypted volume file containing any revised notes taken by the Receiving Party, from such electronic storage medium onto the Notetaking Computer, for further editing. The Receiving Party shall maintain any notes removed from the secure location in the encrypted form described above at all times when storing or transmitting them. The Receiving Party will move the USB storage device only by hand and shall not copy the materials from the USB storage device onto a computer network or onto a computer that is connected to a computer network. These materials will be deleted from any computer prior to connecting that computer to a computer network. The USB storage device may be connected to a computer that is connected to a computer network only if that computer network is a non-public network with reasonable security measures (for example, a non-encrypted WiFi network would not be permitted, while an encrypted WiFi network with firewall and/or antivirus monitoring would be permitted) and if no materials from the USB storage device are copied off of the storage device. The Receiving Party may print notes off of the USB storage device and may make backup copies of the USB storage device on a similarly encrypted storage device. Any notes relating to Source Code will be treated as "RESTRICTED CONFIDENTIAL SOURCE CODE."

(g)     The Producing Party may visually monitor the activities of the Receiving Party during a Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code, and from a distance from which

the Producing Party cannot read the notes of the Receiving Party. The Producing Party

may not monitor keystroke entries, the computer screen of the Source Code Computer, or

any conversation between or among the representatives of the Receiving Parties. The

Producing Party may not inspect or review the notes of the Receiving Party.

(h)    The Receiving Party may use a text editor such as Notepad++, which shall

be provided and installed by the Producing Party, that is capable of printing source code

with page and/or line numbers to PDF.  The Receiving Party's outside counsel of record

and/or experts may make reasonable requests that other commercially available licensed

software tools for viewing and searching source code be installed on the secured

computer at the Receiving Party's expense. Permission to install such software tools shall

not be unreasonably withheld by the Producing Party.  If the Parties are unable to agree

on the additional requested software tools, they may seek an Order from the Court after

making a good faith effort to resolve their dispute.  The Receiving Party must provide the

Producing Party with the software tool(s), such as by providing an online link and

appropriate credentials to download and install such software tools, at least three (3)

business days in advance of the inspection.

(i)    The Receiving Party may request paper copies of portions of Source Code

that it considers, in good faith, necessary for the preparation of court filings, pleadings,

expert reports, or other papers, or for deposition or trial, but shall not request paper copies

for the purpose of reviewing the Source Code other than electronically as set forth above

in the first instance.  The Receiving Party is limited to printing no more than twenty (20)

consecutive pages, and no more than six hundred (600) pages total of Source Code from

the Producing Party during the duration of the case.  A "page" for purposes of this

limitation will be defined as an 8.5 x 11 sheet of paper with 12 point font.  The Parties

agree to negotiate these limits in good faith in the event the Requesting Party seeks to

exceed these limits.  Documents accompanying or otherwise found on the Source Code

Computer that do not contain Source Code, aside from "readme" files directly associated

with the Source Code, will be free of any printing limits and produced under the

designation of HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY,

CONFIDENTIAL or no designation.[1]  To the extent the parties dispute whether a

document on the Source Code Computer contains Source Code, the Parties agree to

follow the procedures set forth in Paragraph 14 below.

(j)      Print outs shall be Bates numbered and labeled RESTRICTED

CONFIDENTIAL SOURCE CODE.   Access to the print outs labeled RESTRICTED

CONFIDENTIAL SOURCE CODE shall be the same as any material designated

RESTRICTED CONFIDENTIAL SOURCE CODE pursuant to Paragraph 11(b).

(k)      Within seven (7) business days of a request for paper copies, the

Producing Party shall either deliver one (1) copy of such printout to the Receiving Party's

outside counsel or inform the Requesting Party that it objects that the printed portions

exceed the page limits and/or has not been requested for a permitted purpose .  If the

---

[1] Subject to the terms and definitions contained herein, examples of documents that may not contain Source Code may include datasheets, technical presentations, system architecture, user guides, overview guides, design configuration guides, training guides, training presentations, licensing materials, testing documents, policy guides, module integrations, data flow / design specifications, Computer Aided Design (CAD) files, interface guides, troubleshooting documents, technical specifications, and documents in the following file formats:  Word Docs (.doc, .docx, .dot), PDFs (.pdf), Excel Spreadsheets (.xls, .xlsx), PowerPoint (.ppt, .pptx), Text files (.txt), OneNotes (.one), Outlook files (.ecf), HTML (.html, .chm), RFTs (.rft), Billing (.pub, .xps), and Images (.jpg, .jpeg, .gif, .png, .tiff, .psd, .xcf, .cdr, .eps, .ai, .bmp, .raw, .cr2, .nef, .orf, .sr2).  For avoidance of doubt, the document types listed above should not be presumed to contain or not contain Source Code merely because they are included in this list.

Producing Party objects, the Parties shall meet and confer in good faith within three (3) business days to attempt to resolve the Producing Party's objection.  If the Parties cannot resolve the objection, the Producing Party shall apply to the Court for a protective order pursuant to the procedures set forth in Paragraph 4(g) of the Scheduling Order within five (5) days after the inability of the Parties to agree, for relief from the requirement to print the requested Source Code.  If no application for protective order is made by the Producing Party within five (5) days after the inability of the Parties to agree, then the Producing Party must provide the print outs of the requested Source Code.

(l)     The Receiving Party's outside counsel of record and any person receiving a copy of a Producing Party's Source Code shall maintain and store all paper copies of any printed portions of the Source Code at their offices in a manner that prevents duplication of or unauthorized access to the Source Code, including, without limitation, storing the Source Code in a locked room or cabinet at all times when not in use.

(m)     The Receiving Party shall not make more than three (3) additional paper copies of any printed portions of the Source Code without express written permission by the Producing Party and shall only request such additional copies if they are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for depositions, or (3) otherwise necessary for the preparation of its case.  Except as provided in this order, the Receiving Party shall not create any electronic copies and shall not convert any of the information contained in the paper copies into any electronic format.  The Receiving Party shall not make any electronic copies of the Source Code without express written permission by the Producing Party.  Additionally, all electronic and paper copies must be labeled RESTRICTED CONFIDENTIAL SOURCE

17

CODE.  Upon receiving a request by a Receiving Party for permission to make paper or electronic copies under this paragraph, the Producing Party must provide such permission or be available to meet and confer concerning any objection it has to the request within three business days if the request is made prior to 30 days before trial, or within 24 hours if the request is made 30 days prior to trial or later.

(n)     Agreement to these provisions related to the protection of information designated RESTRICTED CONFIDENTIAL SOURCE CODE, is not a concession that Source Code is discoverable or necessary for this litigation.

12.     **Prosecution Bar**.  Any person, including outside counsel and consulting or testifying experts, who accesses an opposing Party's Designated Material that has been designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" in this action shall not consult or otherwise provide any input into the drafting or prosecution of patents on behalf of an entity (whether a party to this Action or not) in the subject areas of sleep diagnostic and treatment devices and methods and/or patient data management systems and methods through and including two (2) years following the termination of this litigation and any appeals therefrom.  For avoidance of doubt, the foregoing does not prevent involvement in *inter partes* review proceedings, post-grant review, or *ex parte* reexamination so long as the activities do not include the drafting or amending of patent claims or advising others regarding the drafting or amending of patent claims.  The bar shall only apply to individuals who access the designated information set forth above and shall not be imputed to that individual's firm.  Further, for the avoidance of doubt, no counsel that is or was involved in patent prosecution or the above-described activities on behalf of the Receiving Party may have

access to any portion of the Producing Party's "HIGHLY CONFIDENTIAL - ATTORNEYS'

EYES ONLY" or "RESTRICTED CONFIDENTIAL SOURCE CODE" material.

13.     **Filing Designated Material**.  The Parties must file documents containing

Designated Material under seal in accordance with D. Del. LR 5.1.3 of the Local Court Rules of

the United States District Court for the District of Delaware.  The filing party shall notify the

Designating Party in writing of its proposed redactions to any documents filed under seal before

filing the redacted version and allow the Designating Party to approve or amend the redactions

that apply to its Designated Material to be included in the filed version.

14.     **Disputes as to Designations**.  A Party may challenge a Party's or nonparty's

designation of Designated Material by serving a written objection upon the Designating Party.

The objecting Party shall identify with specificity the document or information to which the

objection is directed and the basis of the objection.  The Designating Party shall notify the

challenging Party in writing of the bases for the asserted designation within five (5) business

days after receiving any written objection.  The Parties and if applicable, the nonparty shall

confer in good faith as to the validity of the designation within five (5) business days after the

challenging Party has received the notice of the bases for the asserted designation.  To the extent

an agreement as to the designation is not reached, the Parties shall follow the procedures for

resolution in Paragraph 4(g) of the Scheduling Order.  Until a dispute over the asserted

designation is finally resolved by the Parties, nonparty, or the Court, all Parties and other persons

shall treat the information or materials in question as designated by the Designating Party.  In

any such dispute, the Designating Party shall bear the burden of proving that the information was

designated properly.

15.     **Agreement to be Bound**.  All counsel for the Parties who have access to Designated Material under this Protective Order acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

16.     **Reservation of Rights**.  Entering into, agreeing to, or producing or receiving Designated Material, or otherwise complying with the terms of this Protective Order shall not:

(a)     Operate as an admission by any Party that any particular Designated Material designated by another Party or a nonparty contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

(b)     Operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any Party or nonparty to be CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, or RESTRICTED CONFIDENTIAL SOURCE CODE;

(c)     Prejudice in any way the rights of any Party to object to the production of documents or information it considers not subject to discovery;

(d)     Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Protective Order;

(e)     Prejudice in any way the rights of any Party to seek a determination by the Court whether any information or material should be subject to the terms of this Protective Order;

      (f)      Prejudice in any way the rights of any Party or nonparty to petition the Court for a further protective order relating to any purportedly confidential information; or

      (g)      Prevent the Parties to this Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to alter or waive the provisions or protections provided for herein with respect to any particular information or material.

17.     **Limitations**.  This Protective Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own confidential information for any purpose.  Nothing contained herein shall impose any restrictions on the use or disclosure by a Party of Designated Material obtained lawfully by such Party independently of any proceedings in this action, or which:

      (a)      Was already known to such Party by lawful means prior to acquisition from, or disclosure by, any other Party in this action;

      (b)      Is or becomes publicly known through no fault or act of such Party;

      (c)      Is rightfully received by such Party from a third party which has authority to provide such information or material and without restriction as to disclosure; or

      (d)      Is otherwise obtained lawfully by such Party independently of any proceedings in this action.

18.     **Inadvertent Failure to Designate**.  If a Party or nonparty inadvertently produces CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or RESTRICTED CONFIDENTIAL SOURCE CODE information without marking it as such, it may be disclosed to others until the disclosing Party or nonparty provides actual written notice to the Receiving Party, unless the Receiving Party has actual knowledge that the information is CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or

RESTRICTED CONFIDENTIAL SOURCE CODE.  As soon as the disclosing Party or nonparty notifies the Receiving Party of the inadvertent production, the information will be treated as if it had been timely designated under this Protective Order, and the Receiving Party agrees to endeavor in good faith to obtain and destroy all copies of the document, or notes or extracts thereto, which it distributed or disclosed to persons not authorized to access such information by Paragraphs 7 or 8 above, as well as any copies made by such persons.

19.   **Inadvertent Production of Privileged Material**.  Inadvertent disclosure of any document or other information covered by the attorney-client privilege, work-product doctrine, or other applicable privileges shall be subject to Federal Rules of Civil Procedure 26(b)(5) and Federal Rules of Evidence 502(b).  Any such disclosure of privileged material shall not constitute a waiver of any applicable privilege.  In such circumstances, the Producing Party must immediately notify the Receiving Party in writing of the inadvertent production and request the return or confirmation of destruction of the privileged material. Within three (3) business days after receiving such notification, the Receiving Party shall return or confirm destruction of all such material, including any summaries thereof.  The Producing Party must then, within ten (10) business days, produce a privilege log including the inadvertently produced documents.

20.   **Disputes as to Privilege**.  The Receiving Party may also apply to the Court for a ruling that the material is not in fact privileged by utilizing the procedures set forth in Paragraph 4(g) of the Scheduling Order.  In any application to the Court under this paragraph, the allegedly privileged material may, as appropriate, be required to be disclosed for in camera inspection by the Court, but pending the Court's ruling, may not otherwise be used.  The Party asserting the claim of privilege shall have the burden of proving the elements required to establish its claim of privilege.  Nothing in this paragraph shall be construed to enlarge the attorney-client privilege,

work-product doctrine, or other applicable privileges, and the Parties remain free to challenge the propriety of any claimed privilege or protection.

21.    **Legal Advice**.  Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this action and, in the course of giving such advice, from referring to or relying generally upon his or her examination of Designated Material.  However, in rendering any such advice or otherwise communicating with his or her client, the attorney shall not disclose the contents or source of any Designated Material in a manner contrary to the terms of this Order.

22.    **Expert Discovery**.  Except for those communications exempted from protection under Federal Rule of Civil Procedure 26(a)(2)(B) and 26(b)(4)(C), expert communications in any form, between or among a Party's attorneys, a Party, or a Party's expert witness(es) relating to the work, opinions, or testimony of the party's expert witness(es), are not discoverable or admissible in this action. Any preliminary or draft expert report or disclosure shall not be discoverable, regardless of the form in which it is recorded.  Counsel remain free, however, to otherwise conduct discovery relevant to the validity of the expert's opinions or relevant to the facts or data the expert is relying on in forming his or her opinions.

23.    **Designation of Settlement Communications**.  Settlement communications, in any form, between the Parties relating to the settlement of one or more claims in this litigation, shall be deemed CONFIDENTIAL pursuant to the terms of this Protective Order.  This designation shall be in addition to, and shall in no way compromise or diminish, any other privilege or immunity to which communications may be entitled (e.g., Federal Rule of Evidence 408).

24.    **No Other Purpose**.  All documents, information, or material produced or disclosed in this Litigation, including but not limited to Designated Material, shall be used by the Parties for the prosecution or defense of the claims in the Litigation only, and shall not be used for any other purpose, including any business, commercial, competitive, personal, or other purpose.  Any person or entity who obtains access to Designated Material or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such Designated Material or any portion thereof except as may be reasonably necessary in the litigation of this Action.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified Designated Material and subject to all of the terms and conditions of this Order.

25.    **Modifications**.  Each Party is entitled to seek modification of this Protective Order by application to the Court on notice to the other Party hereto for good cause.

26.    **Bound Before Entry**.  The Parties agree to be bound by the terms of this Protective Order pending its entry by the Court, or pending the entry of an alternative thereto which is satisfactory to all Parties, and any violation of its terms shall be subject to the same sanctions and penalties as if the Protective Order had been entered by the Court.

27.    **Destruction or Return**.  Except as otherwise provided in Paragraph 29, within sixty (60) calendar days after the conclusion of this action and any appeals arising therefrom, all originals and copies of Designated Material, other than Designated Material in possession of the Court or Court personnel, shall be destroyed and a written statement certifying destruction shall be sent to the Designating Party.  Alternatively, at the option of the Designating Party, and at its expense, a Designating Party may request that all Designated Material it produced be returned for its own disposition.

28.   **Exception to Destruction or Return**.  After the conclusion of this action and any appeals arising therefrom, counsel for any Party in receipt of Designated Material under the Protective Order may retain copies of attorney work product that contains Designated Material provided that such work product is reasonably necessary to the proper maintenance of counsel's files with respect to this action, as well as one archival copy of any pleadings and transcripts that may contain or append Designated Material.  Notwithstanding the foregoing, all other Designated Material or documents containing Designated Material shall be destroyed in accordance with Paragraph 28. Such copies shall be handled in accordance with the protections of this Order.

29.   **Other Proceedings**.  By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or Party subject to this Order who becomes subject to a motion to disclose another Party's Designated Material shall promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.  Further, if a subpoena, court order, discovery request, or other compulsory process is received by a Party or its counsel requesting Designated Material received under this Protective Order, the Party or counsel subject to the request shall object to the production of the Designated Material based on the obligations of non-disclosure under this Protective Order and shall notify the Designating Party so that the Designating Party may intervene and seek protection of its Designated Material.

30.   **Use of Designated Materials in Court Proceedings**.  In the event that any Designated Material is used in any court proceeding in this action or any appeal therefrom, such information or material shall not lose its status as CONFIDENTIAL, HIGHLY

CONFIDENTIAL - ATTORNEYS' EYES ONLY or RESTRICTED CONFIDENTIAL

SOURCE CODE through such use. Counsel for the Parties shall confer on such procedures as

are necessary to protect the confidentiality of any documents, information, and transcripts used

in the course of any court proceedings, and shall incorporate such procedures, as appropriate, in

the pre-trial order.

      31.    **Retention and Production of Acknowledgements**.  Counsel shall maintain a

copy of any Acknowledgement and Agreement to be Bound executed during the course of this

action.  Following the conclusion of the case following any appeals or any final settlement of all

claims in this action, at the request of any counsel, all other counsel shall be obligated to produce

to the requesting counsel in a reasonably timely manner a copy of any Acknowledgement and

Agreement to be Bound maintained by them during the course of this litigation.


**POTTER ANDERSON & CORROON LLP**

By: */s/ Philip A. Rovner*
    Philip A. Rovner (#3215)
    Jonathan A. Choa (#5319)
    Hercules Plaza
    P.O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    provner@potteranderson.com
    jchoa@potteranderson.com

Paul J. Andre
Lisa Kobialka
James Hannah
Timothy Layden
Sabah Khokhar
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
333 Twin Dolphin Drive
Redwood Shores, CA 94065
(650) 752-1700


**DLA PIPER LLP (US)**

By: */s/ Angela C. Whitesell*
    Brian A. Biggs (Bar No. 5591)
    Angela C. Whitesell (Bar No. 5547)
    1201 North Market Street, Suite 2100
    Wilmington, DE 19801-1147
    (302) 468-5700
    brian.biggs@us.dlapiper.com
    angela.whitesell@us.dlapiper.com

Sean Cunningham
Tiffany Miller
David Knudson
DLA PIPER LLP (US)
401 B Street Suite 1700
San Diego, California 92101-4297
(619) 699-4787

Benu Wells
KRAMER LEVIN NAFTALIS
& FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

 *Attorneys for Plaintiff*
*Cleveland Medical Devices Inc.*

Nancy Braman
DLA PIPER LLP (US)
33 Arch Street 26th Floor
Boston, Massachusetts 02110-1447
Telephone: 617-406-6000
Facsimile: 617-406-6100
nancy.braman@dlapiper.com

*Attorneys for Defendant ResMed Inc.*

**So ORDERED and SIGNED this _____day of _____, 202__.**

_____
THE HONORABLE GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CLEVELAND MEDICAL DEVICES INC., | ) | |
| an Ohio Corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-794-GBW |
| | ) | |
| RESMED INC., a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE**
**ORDER**

I, _____ [full name], of

_____ [company name and address] hereby affirm that:

Information, including documents and things designated as "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "RESTRICTED HIGHLY

CONFIDENTIAL – SOURCE CODE," as defined in the Protective Order entered in this

Litigation, is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I understand the terms of the Protective Order and I agree to comply with and to be

bound by its terms. I submit to the jurisdiction of this Court for enforcement of the Protective

Order.

I agree not to use any CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY, or RESTRICTED HIGHLY CONFIDENTIAL – SOURCE CODE, information

disclosed to me pursuant to the Protective Order, except for purposes of this Litigation, and not

28

to disclose any of this information to persons, other than those specifically authorized by the Protective Order, without the express written consent of the Party who designated the information as confidential or by order of the Court.

I understand that I am to retain all documents or materials designated as or containing CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or RESTRICTED HIGHLY CONFIDENTIAL – SOURCE CODE information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any CONFIDENTIAL, HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY, or RESTRICTED HIGHLY CONFIDENTIAL – SOURCE CODE information are to be destroyed or returned to counsel who provided me with such documents and materials, as directed.


DATED: _____

PRINTED NAME: _____

SIGNATURE: _____