

DLA Piper LLP (US)
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801-1147
www.dlapiper.com

Brian A. Biggs
brian.biggs@dlapiper.com
T  302.468.5661
F  302.778.7813

May 31, 2023
*VIA CM/ECF AND HAND DELIVERY*

The Honorable Gregory B. Williams
Unites States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26, Room 6124
Wilmington, DE 19801-3555

Re:   *Cleveland Medical Devices Inc. v. ResMed Inc.*, C.A. No. 22-794-GBW (D. Del.)

Dear Judge Williams:

Pursuant to the Court's May 19, 2023 oral order, Defendant ResMed Inc. submits this opening letter brief on the discovery dispute certified to the Court on April 14, 2023. *See* D.I. 70. Oral argument on this dispute has not been scheduled yet.

ResMed respectfully requests that the Court order Plaintiff Cleveland Medical Devices Inc. ("CleveMed") to provide a complete response to ResMed's Interrogatory No. 15, which seeks information about litigation funding "sought or received" from a third party "for some or all of CleveMed's attorney fees and/or expenses to litigate this action on a non-recourse basis in exchange for (1) a financial interest that is contingent upon the results of the litigation or (2) a non-monetary result that is not in the nature of a personal loan, bank loan, or insurance," including the identity of the third-party funders, the conditions of that funding, and whether those third parties must approve any litigation or settlement decisions in this case. *See* Ex. A at 11. Not only has CleveMed refused to provide any responsive information, it refuses to confirm whether any litigation funding exists at all. CleveMed contends this information is "not relevant to this action and/or protected by the attorney-work product doctrine, the attorney-client privilege, and/or the common interest doctrine." *Id*. at 12. CleveMed is incorrect.

First, information about a plaintiff's litigation funding is relevant to multiple issues in a patent case, including the value of the asserted patents, other damages issues, credibility and bias of witnesses, the plaintiff's standing to sue, and pre-suit diligence, among other things. *See, e.g.*, *Cirba Inc. v. VMWare, Inc.*, C.A. No. 19-742-GBW, at ¶ 3 (D. Del. Apr. 18, 2023) (D.I. 1725) (denying-in-part motion *in limine*, finding funding arrangements are admissible evidence because they are "relevant to the value of the asserted patents" and "when assessing the credibility and biases of witnesses") (Ex. B); *see also Acceleration Bay LLC v. Activision Blizzard, Inc.*, C.A. No. 16-453-RGA, 2018 WL 798731, at *2-3 (D. Del. Feb. 9, 2018) (affirming order requiring plaintiff to produce communications related to litigation funding as relevant to "central issues like validity and infringement, valuation, damages, royalty rates, [and]

The Honorable Gregory B. Williams
May 31, 2023
Page Two

pre-suit investigative diligence"); *Gamon Plus, Inc. v. Campbell Soup Co.*, No. 1:15-08940, 2022 WL 18284320, at *2 (N.D. Ill. May 26, 2022) (litigation funding is "at least relevant to Plaintiffs' standing, and more critically, to the value of the Patents-in-Suit, where there are no licenses under the Patents-in-Suit to third parties, and thus seemingly no established policies concerning Plaintiffs' licensing practices."); *Impact Engine, Inc. v. Google LLC*, No. 19-1301-CAB-DEB, 2020 U.S. Dist. LEXIS 145636, at *4-5 (S.D. Cal. Aug. 12, 2020) (litigation funding relevant to "the value of the patents at issue").

CleveMed ignores the many decisions ordering discovery or finding litigation funding admissible at trial—including this Court's *in limine* decision in *Cirba*—and claims funding arrangements are irrelevant. CleveMed is wrong. Indeed, ResMed's interrogatory seeks in part the information Chief Judge Connolly requires in his April 18, 2022 Standing Order Regarding Third-Party Litigation Funding Arrangements. *See* Ex. C. Although not expressly approving of this Standing Order, the Federal Circuit declined to overturn far more expansive litigation funding requests from Chief Judge Connolly to a litigant. *See In re Nimitz Tech. LLC*, No. 2023-103, 2022 WL 17494845, at *2 (Fed. Cir. Dec. 8, 2022). In *Nimitz*, Chief Judge Connolly ordered the plaintiff to produce a wide range of discovery related to litigation financing, including communications between the plaintiff, the funder, and counsel. *Id*. The Federal Circuit declined to grant mandamus, finding that the district court's concerns were all "related to potential legal issues in the case," such as the principle of party presentation and compliance with the Federal Rules. *Id*. at *2. Interrogatory No. 15 seeks information squarely within the bounds of Chief Judge Connolly's Standing Order and the Federal Circuit's guidance in *Nimitz*.

To be sure, district courts have come to different conclusions about the extent to which litigation funding is discoverable, but the more recent decisions have compelled the discovery ResMed seeks here. In 2018, Judge Andrews ordered production of communications between the plaintiff and its litigation funder, Hamilton Capital, and agreed that the communications "may be relevant to central issues like validity and infringement, valuation, damages, royalty rates, pre-suit investigative diligence, and whether [Plaintiff] is an operating company." *Acceleration Bay*, 2018 WL 798731, at *3. The narrow holding of the 2020 *United Access* case, which CleveMed cited during the parties' meet-and-confer, does not support CleveMed's blanket claim that litigation funding is irrelevant. *See United Access Techs., LLC v. AT&T Corp*. No. 11-338-LPS, 2020 WL 3128269, at *1 (D. Del. June 12, 2020). Instead, Judge Stark noted that discoverability of litigation funding was "a contested issue" and found that the defendant there "failed to meet the threshold requirement to show" the relevance of the plaintiff's communications with prospective funders. *Id.* at *3. But a few months later, a different district court acknowledged that "Courts have been more receptive to allowing [litigation funding] discovery in patent infringement cases, given patent cases' unique standing requirements and the potential for funding agreements to shed light on patents' value." *Pres. Techs. LLC v. MindGeek USA, Inc.*, No. 2:17-cv-8906, 2020 WL 10965161, at *6 (C.D. Cal. Dec. 18, 2020). And more recently, Magistrate Judge Thynge rejected a plaintiff's reliance on *United Access* and found that "[t]he case law cited by Plaintiff does not establish a general rule in Delaware that litigation funding

The Honorable Gregory B. Williams
May 31, 2023
Page Three

materials are not relevant." *MHL Custom, Inc. v. Waydoo USA, Inc.*, No. 21-91-RGA-MPT, at ¶ 9 (D. Del. Dec. 1, 2022) (D.I. 120) (permitting discovery into "insurance policy related to litigation funding") (Ex. D); *see also Speyside Medical, LLC v. Medtronic Corevalve, LLC*, No. 20-361-GBW-CJB, D.I. 265 (D. Del. May 23, 2023) (compelling deposition testimony about funder's financial stake) (Ex. E).

Here, CleveMed's litigation funding is relevant to multiple issues, including CleveMed's standing to sue, the purported value of the asserted patents—particularly where CleveMed has sold no licenses other than to the government through NIH grants—and CleveMed's due diligence before bringing this lawsuit, among other things. And as this Court and others have recognized, litigation funding also may be admissible <u>at trial</u> to test witness credibility and bias and to refute trial themes, such as a false "David versus Goliath" narrative. *See Cirba*, C.A. No. 19-742-GBW, at ¶ 3 (D.I. 1725) ("Funding arrangements are also relevant when assessing the credibility and biases of witnesses"); *Impact Engine*, 2020 U.S. Dist. LEXIS 145636, at *4-5 (litigation funding documents relevant to refuting a potential "David vs. Goliath narrative at trial"). CleveMed's complaint suggests it will try to present this very narrative at trial. *See* D.I. 1, ¶¶ 70-79 (alleging that after CleveMed sought to "explore partnership opportunities" with ResMed, ResMed made a "deliberate decision" to sell infringing products).

<u>Second</u>, CleveMed's assertion of privilege is both unsupported and has no basis in the law. "As the party asserting privilege, it is Plaintiff's burden to prove that the privilege applies." *MHL Custom*, No. 21-91-RGA-MPT, D.I. 120, at ¶ 15. Here, CleveMed refuses to even confirm whether it has obtained litigation funding, much less provide a privilege log. But even if CleveMed had served a privilege log, the litigation funding transaction would be an arm's length transaction between CleveMed and a third party, so the communications and agreements between them would not be covered by the attorney-client privilege or attorney work product doctrine in any event. *See, e.g.*, *Odyssey Wireless, Inc. v. Samsung Elecs. Co.*, No. 3:15-1738, 2016 WL 7665898, at *7 (S.D. Cal. Sept. 20, 2016) (compelling litigation funding documents "despite the applicability of the work-product doctrine," because they were relevant to "the valuations placed on the … patents prior to the present litigation").

For the foregoing reasons, ResMed respectfully requests that the Court compel CleveMed to provide a complete response to Interrogatory No. 15.

Respectfully Submitted,

/s/ Brian A. Biggs

Brian A. Biggs (DE Bar No. 5591)
*Counsel for Defendant ResMed Inc.*

cc: All Counsel of Record (via CM/ECF and Email)