# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| CLEVELAND MEDICAL DEVICES INC., an Ohio Corporation, | ) ) ) | C.A. No. 22-794-GBW |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| RESMED INC., a Delaware Corporation, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF CLEVELAND MEDICAL DEVICES INC.'S
OBJECTIONS AND RESPONSES TO DEFENDANT RESMED INC.'S
<u>SECOND SET OF INTERROGATORIES (NOS. 15-17)</u>**

Pursuant to Fed. R. Civ. Rules 26 and 33, Plaintiff Cleveland Medical Devices Inc. ("Plaintiff" or "CleveMed"), responds to Defendant, ResMed Inc.'s ("Defendant" or "ResMed") Second Set of Interrogatories ("Requests").  CleveMed makes these objections and responses herein (collectively "Responses") based solely on its current knowledge, understanding, and belief as to the facts and information reasonably available to it as of the date of the Responses.

Additional discovery and investigation may lead to additions to, changes in, or modifications of these Responses.  The Responses, therefore, are given without prejudice to CleveMed's right to supplement these Responses pursuant to Fed. R. Civ. P. 26(e), or to provide subsequently discovered information and to introduce such subsequently discovered information at the time of any trial or proceeding in this action.

<u>**GENERAL OBJECTIONS**</u>

1.      CleveMed hereby incorporates by reference each and every general objection set forth below into each and every specific Response.  From time to time, a specific Response may repeat a general objection for emphasis or for some other reason.  The failure to include a general

objection in a specific Response shall not be interpreted as a waiver of that general objection to that Response.

2.    CleveMed objects to each and every Interrogatory, Definition, and Instruction to the extent that they are vague, ambiguous, unintelligible, or compound.

3.    CleveMed objects to each and every Interrogatory, Definition, and Instruction to the extent that they are overly broad, unduly burdensome, seek information not relevant to the claim or defense of any party, and are not proportional to the needs of this case.

4.    CleveMed objects to each and every Interrogatory, Definition, and Instruction to the extent that they are not reasonably calculated to lead to the discovery of admissible information.

5.    CleveMed objects to each and every Interrogatory, Definition and Instruction to the extent they are not reasonably calculated to lead to the discovery of admissible evidence because they are not properly limited in time.

6.    CleveMed objects to each and every Interrogatory, Definition, and Instruction to the extent that they are unduly burdensome and oppressive, to the extent they subject CleveMed to unreasonable and undue effort or expense.

7.    CleveMed objects to each and every Interrogatory, Definition, and Instruction to the extent that they seek information beyond CleveMed's actual knowledge, possession, custody, or control.

8.    CleveMed objects to each and every Interrogatory, Definition, and Instruction to the extent they are unreasonably cumulative or duplicative.

9.    CleveMed objects to each and every Interrogatory, Definition, and Instruction to the extent they seek information that is obtainable from some other source that is more

convenient, less burdensome, or less expensive.

10.     CleveMed objects to each and every Interrogatory, Definition, and Instruction to the extent that they seek information within Defendant's possession, custody or control.

11.     CleveMed objects to each and every Interrogatory, Definition, and Instruction to the extent they seek information in the public domain, information equally available to Defendant from another source and/or information that can be obtained more efficiently by Defendant through other means of discovery.  Defendant can ascertain such information from its own records or from other sources at least as readily as CleveMed.

12.     CleveMed objects to each and every Interrogatory, Definition, and Instruction to the extent that they seek confidential, business, financial, proprietary or sensitive information, or trade secrets of third parties, which may be subject to pre-existing protective order(s) and/or confidentiality agreements or in which any third party has an expectation of privacy.  Such information shall not be provided absent an express order to the contrary from a court of competent jurisdiction, or an authorization from the third party having the interest in the information's confidentiality.

13.     CleveMed objects to each and every Interrogatory, Definition, and Instruction to the extent they seek information protected by the attorney-client privilege, the work product doctrine, or any other applicable law, privilege, doctrine or immunity.  CleveMed will not disclose any information so protected, and the inadvertent disclosure or identification of any such information is not intended as, and will not constitute, a waiver of such privilege, doctrine, or immunity.

14.     CleveMed objects to each and every Interrogatory, Definition, and Instruction to the extent they call for a legal conclusion.  CleveMed's responses shall not be construed as

3

providing legal conclusions concerning the meaning or application of any terms used in Defendant's Interrogatories.

15.     CleveMed objects to each and every Interrogatory, Definition, and Instruction to the extent that they are premature, as they seek documents that are set to be disclosed on scheduled dates directed by the Court or the District of Delaware Patent Local Rules.

16.     CleveMed objects to each and every Interrogatory, Definition, and Instruction to the extent that they are premature as the Court has not yet entered a claim construction order in this action.

17.     CleveMed objects to each and every Interrogatory, Definition, and Instruction as premature to the extent they seek information that will be the subject of expert testimony.

18.     CleveMed objects to each and every Interrogatory, Definition, and Instruction to the extent that they impose obligations inconsistent with any scheduling order, protective order or ESI order entered in or applicable to this case.

19.     CleveMed objects to each and every Interrogatory, Definition, and Instruction to the extent they assume or mischaracterize any facts.  CleveMed's responses shall not be construed as agreeing to any facts or characterizations contained in Defendant's Interrogatories.

20.     CleveMed objects to each and every Interrogatory, Definition, and Instruction to the extent that they purport to impose any requirement or discovery obligation greater than or different from those imposed by the Federal Rules of Civil Procedure, the Local Rules of this Court, or orders of the Court governing these proceedings or any stipulations between the parties governing discovery in this action.

21.     CleveMed objects to each and every Interrogatory, Definition, and Instruction to the extent that they are unduly burdensome and oppressive on the grounds that they purport to

require CleveMed to search its facilities and inquire of its employees other than those facilities

and employees that would reasonably be expected to have responsive information.  CleveMed's

Responses and productions are based upon: (1) a search of facilities and files that could

reasonably be expected to contain responsive information and (2) inquiries of CleveMed's

employees and/or representatives who could reasonably be expected to possess responsive

information.

22.     CleveMed objects to each and every Definition, Instruction, and Interrogatory to

the extent it is compound and/or contains multiple subparts.  CleveMed will count each subpart

as a separate interrogatory pursuant to Federal Rule of Civil Procedure 33(a). CleveMed will not

respond to interrogatories in excess of the allotted number of interrogatories established in the

Court's Scheduling Order in this action.

23.     CleveMed's written responses and production of documents are not intended to

waive, and do not constitute waiver of, any objection that CleveMed may have to the

admissibility, authenticity, competency, relevance, or materiality of any documents produced or

referred to in response to an Interrogatory.  For any and all written responses and production of

documents, CleveMed reserves all objections or other questions regarding the admissibility,

authenticity, competency, relevance, or materiality of any documents produced or referred to in

response to an Interrogatory, as evidence in this Litigation or any other proceeding, action, or

trial.

24.     CleveMed's written responses and production of documents are based upon

information and writings available to and located by its attorneys as of service of these

Responses.  CleveMed has not completed its investigation of the facts relating to this case, has

not completed discovery in this action, and has not completed preparation for trial.  All the

information supplied and documents and things produced are based only on such information and documents that are reasonably available and specifically known to CleveMed and its attorneys as of the date of service of these Responses.  Therefore, CleveMed's written responses and production of documents are without prejudice to its right to supplement and/or amend its written responses and production of documents and to present at trial or other proceeding evidence discovered hereafter.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

In addition to the objections set forth below, CleveMed hereby specifically incorporates each and every general objection set forth above in its objections to Defendant's definitions and instructions.

1.     CleveMed objects to Defendant's Definition of the term "ResMed" and to each Request that incorporates this term, to the extent they are too narrow and fail to include each of Defendant's past and present officers, directors, employees, counsel, agents, consultants, representatives, and any other persons acting on behalf of any of the foregoing, and Defendant's affiliates, parents, divisions, joint ventures, licensees, franchisees, assigns, predecessors, and successors in interest, and any other legal entities, whether foreign or domestic, that are owned or controlled by Defendant, and all predecessors and successors in interest to such entities.

2.     CleveMed objects to Defendant's Definition of the terms "Plaintiff," "You," "CleveMed," and "Your," and to each Request that incorporates any of these terms, to the extent it is overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  CleveMed further objects to this Definition, and to each Request that incorporates any of these terms, to the extent that they call for a legal conclusion or seek documents or information protected from discovery by the attorney-client privilege, the work

6

product doctrine, or any other applicable law, privilege, doctrine or immunity.  CleveMed further objects to this Definition, and to each Request that incorporates any of these terms, to the extent they include entities and persons over whom CleveMed has no control.

3.      CleveMed objects to Defendant's Definition of the term "Case," and to each Request that incorporates this term, to the extent it does not reflect the reassignment of this action to Judge Williams.  In responding to any Request that incorporates this term, CleveMed will define "Case" as *Cleveland Medical Devices, Inc. v. ResMed Inc.*, Case No. 22-794-GBW (D. Del.).

4.      CleveMed objects to Defendant's Definition of the term "Communication" and to each Request that incorporates this term, to the extent it seeks to impose obligations greater or different than those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence and/or ESI order or protective order entered in or applicable to this action.  CleveMed further objects to this Definition, and to each Request that incorporates this term, to the extent that they call for the production of information that the parties have agreed not to preserve or produce.  CleveMed further objects to this Definition, and to each Request that incorporates this term, to the extent it is vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

5.      CleveMed objects to Defendant's Definition of the term "Component," and to each Request that incorporates this term, to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

6.      CleveMed objects to Defendant's Definition of the term "Document" and "Documentation," and to each Request that incorporates either of these terms, to the extent they seek to impose obligations greater or different than those imposed by the Federal Rules of Civil

Procedure, the Federal Rules of Evidence and/or ESI order or protective order entered in or applicable to this action.  CleveMed further objects to this Definition, and to each Request that incorporates this terms, to the extent that they call for the production or disclosure of information that the parties have agreed not to preserve or produce.  CleveMed further objects to this Definition, and to each Request that incorporates these terms, to the extent they are vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

7.      CleveMed objects to Defendant's Definitions of the terms "each," "Each," "all," "All," "any," and "Any," and to each Request that incorporates any of these terms, to the extent they are overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.  CleveMed further objects to these Definitions, and to each Request that incorporates them, to the extent that they are vague, ambiguous and/or unintelligible.

8.      CleveMed objects to Defendant's Definitions of the terms "Person," "Persons," and "Entity," and to each Request that incorporates any of these terms, to the extent they are vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

9.      CleveMed objects to Defendant's Definition of the terms "Infringe," "Infringing," and "Infringement," and to any Request that incorporates any of these terms, to the extent that they call for a legal conclusion.

10.     CleveMed objects to Defendant's Definition of the term "Predecessor in Interest," and to each Request that incorporates this term, to the extent it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and calls for a legal conclusion.

11.     CleveMed objects to Defendant's Definition of the term "Patented Technology," and to each Request that incorporates this term, to the extent it is vague, ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and calls for a legal conclusion.

12.     CleveMed objects to Defendant's Definition of the terms "Application" and "Applications," and to each Request that incorporates either of these terms, to the extent they are ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent they seek information that is not relevant and/or not proportional to the needs of the case.  CleveMed objects to these Definitions to the extent they seek information that exceeds the scope of relevance to the Patents-in-Suit.  CleveMed further objects to these definitions to the extent they call for legal conclusions.

13.     CleveMed objects to Defendant's Definition of the term "Prior Art," and to each Request that incorporates this term, to the extent it is vague, ambiguous, unintelligible and/or calls for a legal conclusion, and to the extent it is broader than the meaning of "prior art" pursuant to 35 U.S.C. § 101 et seq. and related case law.  CleveMed further objects to the Definition of the term "Prior Art," and to each Request that incorporates this term, to the extent it seeks information about patents that are not at issue in this case.

14.     CleveMed objects to Defendant's Definition of the term "Patent," and to each Request that incorporates this term, to the extent it is vague, ambiguous, overbroad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. CleveMed further objects to the term "Patent" to the extent it seeks information about patents that are not at issue in this case.

15.     CleveMed objects to Defendant's Definition of the term "Related Litigation," and

9

to each Request that incorporates this term, to the extent it is ambiguous, overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and to the extent it seeks information that is not relevant and/or not proportional to the needs of the case. CleveMed objects to this Definition, and to each Request that incorporates this term, to the extent it seeks information that exceeds the scope of relevance to the Patents-in-Suit.

16.    CleveMed objects to Defendant's Definition of the terms "Relate," "Relate To," "Related To," and "Relating To," and to each Request that incorporates any of these terms, to the extent it is overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence, and to the extent they call for legal conclusions. CleveMed further objects to the Definition of these terms, and to each Request that incorporates any of them, to the extent that they are vague, ambiguous and/or unintelligible.

17.    CleveMed objects to Defendant's Instructions and to each Request to which these Instructions apply, to the extent they seek to impose obligations greater or different than those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence and/or ESI order or protective order entered in or applicable to this action. CleveMed further objects to these Instructions, and to each Request to which they apply, to the extent that they call for the production or disclosure of information that the parties have agreed not to preserve or produce or information beyond CleveMed's knowledge, possession, custody or control. CleveMed further objects to these Instructions, and to each Request to which they apply, to the extent they are vague, overbroad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

## <u>RESPONSES TO INTERROGATORIES</u>

### <u>INTERROGATORY NO. 15:</u>

Where CleveMed has sought or received from a person or entity that is not a party (a "Third-Party Funder") funding for some or all of CleveMed's attorney fees and/or expenses to litigate this action on a non-recourse basis in exchange for (1) a financial interest that is contingent upon the results of the litigation or (2) a non-monetary result that is not in the nature of a personal loan, bank loan, or insurance provide:

(a)     The identity, address, and, if a legal entity, place of formation of the Third-Party Funder(s);

(b)     The actual and/or potential conditions for receiving such funding, including whether the Third-Party Funder's must approve any litigation or settlement decisions in the action, and if the answer is in the affirmative, the nature of the terms and conditions relating to that approval;

(c)     A description of the nature of the financial interest of the Third-Party Funder(s);

(d)     A description of the nature of any ownership interest of the Third-Party Funder(s) in the Asserted Patents, whether such interest has vested or is contingent, and the circumstances that caused or would cause the interest to vest;

(e)     Any analyses, evaluations, or other assessments of the Asserted Patents or this litigation prepared for, prepared by, provided to, received from, and/or otherwise related to a prospective Third-Party Funder; and

(f)     For discussions, negotiations, expression of interests, or inquires that did not result in an agreement to provide Third Party funding, the reasons such agreement failed to materialize and all communications related thereto.

**RESPONSE TO INTERROGATORY NO. 15:**

CleveMed incorporates its General Objections and Objections to Definitions and Instructions by reference.  CleveMed objects to this Interrogatory to the extent that it seeks information protected from disclosure by the attorney-client privilege, the attorney-work product doctrine, common interest doctrine, or any other applicable privilege or immunity.  CleveMed will not disclose any privileged information.  CleveMed objects to this Interrogatory to the extent it seeks information not relevant to the claim or defense of any party.  CleveMed objects to this Interrogatory to the extent it seeks information that is covered by confidentiality agreements with third parties and/or protective orders of other litigations or any other proceedings.  CleveMed objects to this Interrogatory as vague and ambiguous.  CleveMed objects to this Interrogatory as overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and neither relevant nor proportional to the needs of this case.  CleveMed objects to this Interrogatory as having multiple subparts and as compound, which should count toward the limits on Interrogatories.

CleveMed is the sole owner of all right, title and interest in the Patents-in-Suit (with the limited exception of paid-up licenses to the U.S. government pursuant to grants awarded by the National Institute of Health, as set forth on the face of the Patents-in-Suit).  Other information requested in this Interrogatory is not relevant to this action and/or protected by the attorney-work product doctrine, the attorney-client privilege, and/or the common interest doctrine.

**INTERROGATORY NO. 16:**

State whether you intend to assert any secondary considerations of nonobviousness in support of any claim of the Patents-in-Suit and/or Related Patents, including without limitation long-felt need for the subject matter of the claim, failure of others to solve a problem solved by

Discovery is ongoing. CleveMed reserves the right to supplement its response pursuant to

Fed. R. Civ. P. 26(e).

By:  */s/ Lisa Kobialka*
                                                    Paul J. Andre (*pro hac vice*)
Philip A. Rovner (#3215)                             Lisa Kobialka (*pro hac vice*)
Jonathan Choa (#5319)                                James Hannah (*pro hac vice*)
POTTER ANDERSON & CORROON LLP                        Timothy Layden (*pro hac vice*)
Hercules Plaza                                       Sabah Khokhar (*pro hac vice*)
P.O. Box 951                                         KRAMER LEVIN NAFTALIS
Wilmington, DE 19899                                   & FRANKEL LLP
(302) 984-6000                                       333 Twin Dolphin Drive, Suite 700
provner@potteranderson.com                           Redwood Shores, CA 94065
jchoa@potteranderson.com                             Telephone: (650) 752-1700
                                                     pandre@kramerlevin.com
                                                     lkobialka@kramerlevin.com
Dated: December 28, 2022                             jhannah@kramerlevin.com
                                                     tlayden@kramerlevin.com
                                                     skhokhar@kramerlevin.com

                                                     *Attorneys for Plaintiff,*
                                                     Cleveland Medical Devices, Inc.

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 28, 2022, a complete copy of the foregoing

**PLAINTIFF CLEVELAND MEDICAL DEVICES INC.'S OBJECTIONS AND**

**RESPONSES TO DEFENDANT RESMED INC.'S SECOND SET OF**

**INTERROGATORIES (NOS. 15-17)** was served via electronic mail upon the following

counsel of record for Defendant ResMed, Inc.:

Brian A. Briggs (Bar No. 5591)  
Angela C. Whitesell (Bar No. 5547)  
**DLA PIPER LLP (US)**  
1201 Market Street, Suite 2100  
Wilmington, DE  19801-1147  
brian.biggs@us.dlapiper.com  
angela.whitesell@us.dlapiper.com  

Nancy Braman  
**DLA PIPER LLP (US)**  
33 Arch Street, 26th Floor  
Boston, MA  02110-1447  
nancy.braman@dlapiper.com  

Sean Cunningham  
Tiffany Miller  
David Knudson  
**DLA PIPER LLP (US)**  
401 B Street, Suite 17  
San Diego, CA  92101-4297  
sean.cunningham@dlapiper.com  
tiffany.miller@dlapiper.com  
david.knudson@dlapiper.com  

*Attorneys for Defendant*  
ResMed Inc.  

By:  _/s/ Lisa Kobialka_____  
Lisa Kobialka  
KRAMER LEVIN NAFTALIS  
& FRANKEL LLP  
333 Twin Dolphin Drive, Suite 700  
Redwood Shores, CA 94065  
Telephone: (650) 752-1700  
Facsimile: (650) 752-1800  
lkobialka@kramerlevin.com  

22