# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIRBA INC. (d/b/a DENSIFY) and CIRBA IP, INC., <br><br> Plaintiffs/Counter-Defendants, <br><br> v. <br><br> VMWARE, INC., <br><br> Defendant/Counter-Plaintiff. | C.A. No. 19-742-GBW <br> (CONSOLIDATED) |

### ORDER[1]

Having reviewed the Proposed Joint Pretrial Order (D.I. 1664) submitted by Plaintiff Cirba Inc. (d/b/a/ Densify), as successor-in-interest to Cirba IP, Inc. (collectively, "Plaintiff"),[2] and Defendant VMware, Inc. ("VMware" or "Defendant") regarding the jury trial scheduled to begin on April 24, 2023, **IT IS HEREBY ORDERED** that:

1. With respect to Plaintiff's motion *in limine* number 1, the parties do not dispute that the Court should "preclude the presentation of arguments and testimony at trial that are contrary to the Court's claim constructions." D.I. 1664, Ex. 16A at 4; *id.* at 21 (VMware agreeing to Plaintiff's statement). Plaintiff represents to the Court that it "need not determine at this juncture whether VMware has contradicted the claim construction." *Id.* at 4; *see also id.* at 6 ("While the Court need not rule on these particular evidentiary examples in this motion *in limine* . . ."), *id.* ("The particulars of whether argument or testimony contradicts the Court's construction can be taken up in context at trial, but the

---

[1] All D.I. citations refer to C.A. No. 19-742-GBW unless otherwise noted.

[2] *See* D.I. 1719 (concluding plaintiff in this action is "Plaintiff Cirba Inc. (d/b/a Densify), as the successor-in-interest to Cirba IP, Inc.").

1

ground rule should be set that deviation from those constructions is not permitted."). Accordingly, Plaintiff's motion *in limine* number 1 is **GRANTED**—that is, Plaintiff and VMware are precluded from presenting evidence and arguments inconsistent with this Court's claim constructions. *See Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*, C.A. No. 16-284-LPS, 2019 WL 77046, at *1 (D. Del. Jan. 2, 2019) (granting motion *in limine* "to exclude fact witness testimony inconsistent with the Court's constructions"). At trial, the parties shall make timely objections, if at all, when either party presents evidence or arguments that are contrary to this Court's claim constructions. At that time, the Court will determine whether to overrule or sustain the objection.

2. With respect to Plaintiff's motion *in limine* number 2, Plaintiff requests that the Court preclude VMware from "arguing (i) that VMware's patents, which are not asserted as prior art, are in any way related to [Plaintiff's] claims; and (ii) that VMware is practicing the prior art and therefore cannot infringe." D.I. 1664, Ex. 16B at 79. Plaintiff's motion *in limine* number 2 is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Court is concerned that the probative value of VMware's patents as it relates to its noninfringement or invalidity defenses is outweighed by the danger of misleading the jury into believing that VMware's patents are a defense to patent infringement or evidence that Plaintiff's patents are invalid as anticipated, and therefore, such evidence is excluded under Federal Rule of Evidence 403. *See* FED. R. EVID. 403. In light of this ruling, the Court addresses what type of evidence VMware may present during the upcoming trial. VMware may discuss its history of innovation and its patented developments so long as it does not link its patents to its noninfringement or invalidity defenses. D.I. 1664, Ex. 16B at 86. VMware is also permitted to present evidence or arguments regarding its patents as they relate to

2

damages. *Id.* If Plaintiff opens the door and asserts copying allegations, then VMware may rebut such insinuations. However, VMware is precluded from explaining that "the Patent Office initially rejected all claims of [U.S. Patent No. 8,209,687 ("the '687 patent")] over U.S. Patent 7,577,772 to Khandekar, a VMware patent." D.I. 1664, Ex. 16B at 85; *infra* ¶ 4 (granting Plaintiff's motion *in limine* number 4 excluding, *inter alia*, arguments or testimony about Plaintiff's patents' prosecution histories).

3. With respect to Plaintiff's motion *in limine* number 3, Plaintiff requests that the Court exclude arguments, testimony, and other evidence about (1) its investors, (2) litigation funding, (3) the parties' attorneys' fees, and (4) derogatory characterizations of Plaintiffs' business model. D.I. 1664, Ex. 16C at 144. Plaintiff's motion in *limine* number 3 is **GRANTED-IN-PART** and **DENIED-IN-PART** for the reasons discussed below. As to the first and second requests, evidence about Plaintiff's investors and litigation funding is admissible because they are relevant to the value of the asserted patents. Funding arrangements are also relevant when assessing the credibility and biases of witnesses. *SSL Servs., LLC v. Citrix Sys., Inc.*, C.A. No. 8-158-JRG, 2012 WL 12906091, at *1 (E.D. Tex. May 24, 2012) (allowing "evidence regarding any testifying witnesses' financial interest in any of the companies that are parties to this suit"); *see also Yousefi v. Delta Elec. Motors, Inc.*, C.A. No. 13-1632-RSL, 2015 WL 11217257, at *2 (W.D. Wash. May 11, 2015). VMware, however, may not make prejudicial or inflammatory statements about Plaintiff's investors and litigation funding, such as "improper riffs on individuals' wealth and imagined motives." D.I. 1664, Ex. 16C at 268. As to the third request, discussions or evidence of Plaintiff's and VMware's attorneys' fees would be unfairly prejudicial to present to the jury, and therefore, are excluded under Federal Rule of Evidence 403. *See*

3

*SSL Servs.*, 2012 WL 12906091, at *1; *Camper v. State Farm Fire & Cas. Co.*, C.A. No. 20-5283-TLF, 2021 WL5205608, at *4 (W.D. Wash. July 15, 2021) (excluding references to attorney's fees, in part, because they "would be unduly prejudicial"). As to the fourth request, VMware does not oppose this motion as it pertains to the following pejorative terms: "troll," "patent troll," or "patent assertion entity." D.I. 1664, Ex. 16C at 151. However, VMware contends that it should not be precluded from referencing Cirba IP, Inc. ("IP") as a non-practicing entity with no products. *Id.* Plaintiff objects to VMware wanting to call IP a "a non-practicing entity with no products" because it "falsely tell[s] the jury that the plaintiff is IP." D.I. 1664, Ex. 16 at 268 n.1. This is incorrect. First, IP "does not sell or offer for sale products and services." D.I. 946 at 8.[3] Second, nothing in this Court's motion *in limine* ruling requires Plaintiff to falsely tell the jury that the plaintiff in this action is IP. Rather, Plaintiff must tell the jury that the plaintiff is "Cirba Inc. (d/b/a/ Densify), as successor-in-interest to IP," who in this action may only assert the claims of IP, which is a company that does not make or sell anything. D.I. 1719. As such, Plaintiff's motion *in limine* number 3 is **GRANTED** as to uses of the terms "troll," "patent troll," or "patent assertion entity," but **DENIED** as to the use of "non-practicing entity with no products," so long as VMware's use of this term does not create a narrative that mischaracterizes Plaintiff's business model. *See* D.I. 1664, Ex. 16C at 144; *see also Finjan v. Blue Coat Sys.*, C.A. No. 13-039999, 2015 WL 4129193, at *2 (N.D. Cal. July 8, 2015) (admitting "neutral, factual statements concerning Plaintiff's business"); *Evolved Wireless, LLC v. Apple Inc.*, C.A. No. 15-542-JFB-SRF, 2019 WL 1100471, at *7 (D. Del. Mar. 7,

---

[3] During the first trial, Cirba's damages expert, Jim W. Bergman, testified that Cirba, Inc. is "the one that sold the products, it's the one that developed and maintained the software. [] IP is the entity that really just held the software, held the intellectual property." D.I. 592 at 1014:5-10.

4

2019) (excluding pejorative terms like "troll," "patent troll," or "playing the litigation lottery" but not neutral terms like "non-practicing entity").

4. With respect to Plaintiff's motion *in limine* number 4, Plaintiff requests that the Court "exclude arguments or introduction of facts about [Plaintiff's] patents' prosecution histories, [*ex* parte] reexamination [of the '687 patent], or PTAB proceedings." D.I. 1664, Ex. 16D at 272. VMware responds that the prosecution history is relevant to non-willfulness, invalidity and secondary consideration of non-obviousness, and damages. *Id.* at 277. VMware also contends that the '687 patent reexamination, including the Non-Final Office Action rejection, is relevant to non-willfulness as evidence that the "patent's validity remains uncertain" and "as objective evidence of good-faith belief in invalidity." *Id.* at 277-78. Federal Rule of Evidence 403 permits the Court to exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See Coleman v. Home Depot, Inc.*, 306 F.3d 1333, 1343 (3d Cir. 2002) ("Rule 403 recognizes that a cost/benefit analysis must be employed to determine whether or not to admit evidence; relevance alone does not ensure its admissibility."). Any probative value of arguments and testimony about Plaintiff's patent prosecution histories, including rejections and amendments, and the ongoing reexamination proceedings of the '687 patent[4] is substantially outweighed by the risks of unfair prejudice to Plaintiff, confusion to the jury, and a waste of time. Accordingly, Plaintiff's motion *in limine* number 4 is **GRANTED** and arguments or testimony about

---

[4] Plaintiff and VMware do not dispute that this proceeding is not final. D.I. 1664, Ex. 16D at 274; *id.* at 277-79.

5

6

Plaintiff's patents' prosecution histories and the reexamination proceedings of the '687 patent are excluded under Federal Rule of Evidence 403.

5. The Court reserves decisions on VMware's motions *in limine* Nos. 2, 3, and 4.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE