# EXHIBIT E

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

## U.S. District Court

### District of Delaware

**Notice of Electronic Filing**

The following transaction was entered on 5/23/2023 at 4:01 PM EDT and filed on 5/23/2023

| | |
|---|---|
| **Case Name:** | Speyside Medical, LLC v. Medtronic Corevalve, LLC et al |
| **Case Number:** | 1:20-cv-00361-GBW-CJB |
| **Filer:** | |
| **Document Number:** | 265(No document attached) |

**Docket Text:**
**ORAL ORDER: The Court, having reviewed Defendants' discovery dispute motion ("Motion"), (D.I. 261), and the briefing related thereto, (D.I. 242; D.I. 252; D.I. 257), and having heard argument on May 22, 2023, hereby ORDERS that as to the first disputed issue, relating to whether Plaintiff's two members (the "members") must provide deposition testimony about their financial stake in this case, the Motion is GRANTED for the reasons that follow: (1) As an initial matter, what is really in dispute here is not testimony simply about whether the members will receive some amount of the proceeds recovered in this litigation (they will, and they have said as much); here the testimony sought is about "what percentage" of those proceeds each member will receive, or, put differently, "each members' precise financial stake" in the suit. (D.I. 242, ex. 1 at 17-18; D.I. 257 at 1) This is at issue because, pursuant to the terms of a litigation funding agreement, Plaintiff's members will split the proceeds of the suit not just with their attorneys but also with a litigation funder. (D.I. 242, ex. 1 at 16); (2) Although the Court has previously found that Defendants had not demonstrated why sought-after discovery about the litigation funding agreement was relevant to this case, (D.I. 88; D.I. 242 at 1 n.1; D.I. 252 at 2), Defendants were then making different arguments about relevance than the argument they make now. So that prior decision is not particularly helpful to Plaintiff here.; (3) Surely whether Plaintiff's members have a financial interest in the outcome of this lawsuit is, as Defendants suggest, relevant to bias for purposes of future cross-examination of the members. (D.I. 242 at 2 (citing a number of cases, including Wheeler v. United States, 351 F.2d 946, 947 (1st Cir. 1965), saying the same)) Moreover, the Court rejects Plaintiff's argument that Defendants should shoulder some additional burden to show that the witnesses might color their testimony due to financial incentives before the Defendants could get access to this information. The fact that the members have a financial stake in the lawsuit is itself all the Court needs to know to make this "classic evidence of bias" relevant. Crowe v. Bolduc, 334 F.3d 124, 132 (1st Cir. 2003). Lastly, the "precise" financial stake that the members will receive, under the circumstances here (i.e., when we know the members will share such funds with multiple groups, including counsel and a third-party funder) is also very relevant. As Defendants note, "[a] 1% stake will have a different impact on a witness than a 98% stake[.]" (D.I. 257 at 1) Put differently, whether the percentage that each member stands to recover is a tiny bit of the whole or nearly all of the whole (or something in between) is surely instructive as to the heft of any charge that their testimony may be biased by their ability to profit from the case result. This type of information helps contextualize what "winning" the case actually means for the members from a financial perspective, which is relevant in a scenario where multiple different parties will benefit from any recovery. Cf. Yousefi v. Delta Elec. Motors, Inc., No. C13-1632RSL, 2015 WL 11217257, at *2 (W.D. Wash. May 11, 2015) (noting that with regard to a third party's stake in the litigation set out in a litigation funding agreement, "evidence of that financial interest may be relevant to determining the credibility and potential bias" of the third party's witnesses); see also Gordon v. Great W. Cas. Co., CASE NO. 2:18-CV-00967 LEAD, 2020 WL 4561223, at *3 (W.D. La. July 8, 2020) (noting how some courts have found that evidence of litigation funding can be admissible to impeach the credibility of witnesses who stand to benefit from the proceeds of litigation); and (4) From there, Plaintiff argues that in order for the members to describe the percentage stake they have in the case, they will have to provide details about the substance of the award-sharing provision of the funding agreement, and that to do so would reveal work product-protected content. (D.I. 252 at 1-2 & n.1; id., ex. 1 at 20) Although Plaintiff did not really make a showing as to why the material in question is work product-protected, even if it had, for the same reasons set out above, the Court concludes that Defendants would have a "substantial need" for the information, and that it is clear that there is no other way for Defendants to "obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3). Ordered by Judge Christopher J. Burke on 5/23/2023. (dlb)**

**1:20-cv-00361-GBW-CJB Notice has been electronically mailed to:**

Jack B. Blumenfeld      Jbbefiling@mnat.com, jblumenfeld@mnat.com

Kelly E. Farnan      farnan@rlf.com, linda-loveless-5548@ecf.pacerpro.com, loveless@rlf.com

Brian P. Egan     began@mnat.com, bpeefiling@mnat.com

Brian A. Biggs (Terminated)     brian.biggs@dlapiper.com, DLAPiper@ecfxmail.com, angela.pedicone-baker@dlapiper.com, brian-biggs-7450@ecf.pacerpro.com, docketingbaltimore@dlapiper.com, julian-stamper-7975@ecf.pacerpro.com, julian.stamper@us.dlapiper.com, karen.curtis@us.dlapiper.com

Sara M. Metzler     metzler@rlf.com

Erin E. Larson (Terminated)     erin.larson@us.dlapiper.com, angela.pedicone-baker@us.dlapiper.com

Christina V. Rayburn     crayburn@hueston.com, nanderson@hueston.com

Moez M. Kaba     mkaba@hueston.com, abatchelor@hueston.com

Christine M. Woodin     cwoodin@hueston.com, docketing@hueston.com

Neil G. Anderson     nanderson@hueston.com

**1:20-cv-00361-GBW-CJB Filer will deliver document by other means to:**