

**DLA Piper LLP (US)**
1201 North Market Street
Suite 2100
Wilmington, Delaware 19801-1147
www.dlapiper.com

Brian A. Biggs
brian.biggs@dlapiper.com
T  302.468.5661
F  302.778.7813

July 19, 2023
*Via CM/ECF And Hand Delivery*

The Honorable Gregory B. Williams
Unites States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26, Room 6124
Wilmington, DE 19801-3555

Re:   *Cleveland Medical Devices Inc. v. ResMed Inc.*, C.A. No. 22-794-GBW (D. Del.)

Dear Judge Williams:

On June 23, 2023, the Court ordered the parties to "meet and confer and, no later than July 17, 2023 … file an Amended Joint Claim Construction Brief, which presents and addresses the ten (10) terms/term sets the parties selected for construction by the Court." D.I. 99. The parties met and conferred, including on a phone call involving Delaware counsel on June 11, 2023, regarding which ten terms/term sets to select for construction.

Because the parties have been unable to reach agreement, the parties submit this letter to seek the Court's guidance on which terms the Court will hear argument at the August 1, 2023 hearing. Out of an abundance of caution, the parties' amended joint claim construction brief filed herewith includes twelve (12) terms proposed for construction, the five (5) terms CleveMed selected and the seven (7) terms ResMed selected:

| **CleveMed's Terms** | **ResMed's Terms** |
|---|---|
| 1. "a base station" ('269 Patent, Claim 15) [Term 1] | 1. "calculating…" ('269 Patent, Claims 1, 5, 15) [Term 2] |
| 2. "pulse oximeter" ('399 Patent, Claims 1, 8; '535 Patent, Claim 8; '937 Patent, Claims 1, 2, 13; '603 Patent, Claims 1, 8; '637 Patent, Claim 1; '269 Patent, Claims 1, 5, 9) [Term 22] | 2. "creating an output…" ('269 Patent, Claim 8) [Term 3] |

The Honorable Gregory B. Williams
July 19, 2023
Page Two

| | |
|---|---|
| 3. "oxygenation" ('399 Patent, Claims 1, 8; '535 Patent, Claim 8; '937 Patent, Claims 1, 13; '603 Patent, Claims 1, 8; '637 Patent, Claim 1) [Term 24] | 3. "the data acquisition system…" ('269 Patent, Claim 5) [Term 8] |
| 4. "checking the adequacy of the collected data from the sensors prior to transmitting the collected data to the database" '('535 Patent, Claim 9; '937 Patent, Claim 9) [Term 14] | 4. "transferring … to a location remote from the subject's home" [Term 15] |
| 5. "checking the adequacy of the data from the respiratory belt sensor and the airflow sensor" ('698 Patent, Claim 15) [Term 19] | 5. "a processor adapted for receiving the airflow sensor data…" ('269 Patent, Claim 15) [Term 4] |
| | 6. "the processor further adapted for calculating…" ('269 Patent, Claim 5) [Term 6] |
| | 7. "analyzing the transmitted data with a computer or processor…" ('698 Patent, Claim 14) [Term 17] |

**ResMed's Position:**

The Court need not construe Terms 14 and 19 because ResMed originally proposed those terms but withdrew them before claim construction briefing and did not brief them. *See* D.I. 97, ResMed Ex. 13.  Accordingly, the Court should construe the 10 terms/term sets proposed by ResMed (Terms 1, 2, 3, 4, 6, 8, 15, 17, 22, and 24), all of which are in dispute and are fully briefed in the Joint Claim Construction Brief.

On March 22, 2023, the parties filed a Joint Claim Construction Chart identifying 25 terms for construction.  D.I. 62-2.  On March 30, 2023, as part of the parties' efforts to reduce the number of terms to be argued at the *Markman* hearing, CleveMed proposed only five terms for construction: (1) "a base station" (Term 1); (2) "Fourier transform technique" (Term 9); (3) "pulse oximeter" (Term 22); (4) "nasal cannula" (Term 23); and (5) "pressure transducer" (Term 25).  *See* D.I. 65, Ex. A.  The parties thereafter reached agreement on the constructions for Terms 9, 23, and 25, so CleveMed's only remaining proposed terms from its narrowed disclosure are Terms 1 and 22.

The Honorable Gregory B. Williams
July 19, 2023
Page Three

On April 4, 2023, ResMed stated that it "is willing to defer some of its proposed terms to be resolved later in the case, including at summary judgment, and thus we do not need to brief these terms in the joint claim construction brief." As a result, ResMed elected not to brief three terms that ResMed (not CleveMed) had proposed for construction, including Terms 14 and 19. In so doing, ResMed sent CleveMed the table below indicating the narrowed list of terms and term sets, based on CleveMed's election of five terms, that ResMed believed were to be briefed:

|     | **Term numbers from JCCS** | **Party Election** |
| --- | --- | --- |
| 1.  | 1 | CleveMed Election |
| 2.  | 2, 3 | ResMed Election (grouped) |
| 3.  | 4, 5, 6 | ResMed Election (grouped) |
| 4.  | 8 | ResMed Election |
| 5.  | 9 | CleveMed Election |
| 6.  | 10, 11, 12 | ResMed Election (grouped) |
| 7.  | 13, 15, 16, 18, 20, 21 | ResMed Election (grouped) |
| 8.  | 22 | CleveMed Election |
| 9.  | 23 | CleveMed Election |
| 10. | 25 | CleveMed Election |

*See* D.I. 65, Ex. A.

Despite ResMed's April 4, 2023 email deferring Terms 14 and 19 until summary judgment, and despite CleveMed not having proposed those terms for construction, CleveMed briefed Terms 14 and 19, simply asking the Court to find the terms are definite. In its opening brief, CleveMed also briefed Term 24, "oxygenation," which CleveMed had originally proposed for construction but did not include in its narrowed list of its proposed five terms for construction. In its responsive brief, ResMed responded that it "reserves these terms [14 and 19], all of which appear only in dependent claims, for summary judgment … . Because ResMed reserved these terms at CleveMed's request, there is no current dispute for the Court to resolve." D.I. 96 at 40.

CleveMed appears to be trying to penalize ResMed for seeking to reduce the number of disputes for the *Markman* hearing and deferring terms for later in the proceedings. Indeed, CleveMed claims that ResMed has waived the right to address these terms later, citing inapposite case law. *Id.* For the reasons stated in the briefing, CleveMed is

The Honorable Gregory B. Williams
July 19, 2023
Page Four

wrong. CleveMed's untenable position would effectively force ResMed to forego substantive invalidity defenses simply because the Court decided to limit the number of disputes at the *Markman* hearing. That is not the law. On the contrary, "many courts consider questions of indefiniteness on summary judgment following a *Markman* hearing and with the benefit of extrinsic evidence directed to that inquiry." *JVI Inc. v. Truckform Inc,* 2012 WL 6708169, at *28 (D.N.J., Dec. 26, 201), citing *Streck, Inc. v. Research & Diagnostic Sys, Inc.*, 665 F.3d 1269, 1277 (Fed. Cir. 2012); *Schering Corp. v. Mylan Pharmaceuticals, Inc.*, 2011 WL 3736503, at *5-6 (D.N.J., Aug.22, 2011) (addressing indefiniteness challenge on summary judgment post-*Markman*). CleveMed's counsel is no stranger to this procedure. *See Finjan, Inc. v. Blue Coat Sys., Inc.*, 2015 WL 3630000, at *3, *12 (N.D. Cal. June 2, 2015) (holding summary judgment hearing on indefiniteness challenge eight months after *Markman* hearing).

In any event, it is unclear what CleveMed proposes to argue at the *Markman* hearing. If CleveMed seeks to argue whether Terms 14 and 19 are definite, that issue has not been briefed (at CleveMed's request) and is not before the Court. If CleveMed seeks to argue waiver, that issue has also not been fully briefed and is not ripe until ResMed raises the indefiniteness issue with the Court.

Accordingly, ResMed asks the Court to construe the terms that have been fully briefed and are subject to live disputes; namely, Terms 1, 2, 3, 4, 6, 8, 15, 17, 22 and 24. This list includes every term that CleveMed initially proposed for construction and in its March 30, 2023 correspondence. CleveMed's proposal that each party select five terms also is untenable. Of the terms currently at issue, CleveMed proposed only two while ResMed proposed the rest. CleveMed cannot be permitted to choose ResMed's own proposed terms for construction. This is why ResMed would not agree to CleveMed's proposal that each party select five terms. But contrary to CleveMed's statement below, ResMed did not tell CleveMed it could only propose three terms. Rather, ResMed's position is that Terms 14 and 19 should not be argued since ResMed reserved those for later in the proceedings and did not brief them. With Terms 14 and 19 reserved, only ten terms/term sets remain for argument.

**Plaintiff CleveMed's Position:**

After the Court issued its Order limiting the parties to ten (10) terms for construction, CleveMed selected five (5) terms for construction and requested that ResMed do the same. ResMed, however, is insisting that it is entitled to seek to have seven (7) terms construed, while CleveMed is only permitted to select three (3) terms, which is an unfair division of the terms. At this stage of the claim construction process, the parties should be permitted to select their respective top five (5) terms. It is unreasonable and unfair to suggest that one party is not permitted to select an equal number of terms for construction simply because of who initially proposed the term from construction months

The Honorable Gregory B. Williams
July 19, 2023
Page Five

ago before the meet and confer process for claim construction began. The parties have a better understanding today of the opposing party's proposed constructions after the parties met and conferred regarding their respective proposed constructions and briefed the terms. Thus, it is entirely appropriate for CleveMed to select terms that have been briefed, even if it had not originally identified the term for construction.

### The Parties' Meet and Confers For Identifying the 25 Terms for Construction

By way of background, on March 8, 2023, ResMed served CleveMed with its Disclosure of Proposed Claim Terms For Construction in which it identified lengthy phrases from the asserted claims, which it inappropriately grouped together, as some of the phrases within a group involved substantively different claim elements and could not be grouped together for claim construction purposes. Ex 1.

On March 15, CleveMed requested a meet and confer to identify which claim elements within the lengthy phrases that were improperly grouped together were actually at issue. D.I. 65, Ex. A at 2. During the meet and confer, ResMed was unwilling to identify the actual terms at issue within the lengthy phrases it selected and insisted that the parties include each phrase in the claim construction briefing. Thus, at the end of the meet and confer process, the parties had agreed that there were twenty-five (25) terms that would be the subject of claim construction briefing. D.I. 65, Ex. A at 1.[1]

Given the sheer number of terms and the word limits on claim construction briefing, the parties continued their meet and confers. A week before CleveMed's Opening brief was due, Defendant stated that it wanted to defer Terms 7, 14, 17, and 19 for claim construction and that it would re-raise these terms at a "later stage of the proceeding." *Id.* Because ResMed's attempt to reserve to raise claim construction issues later in the case ignores the procedures set up for claim construction, CleveMed briefed the twenty-five (25) terms that the parties had identified during the meet and confer process so that they would all be before the Court. *Id.* Significantly, to date, ResMed is refusing to withdraw their position that the Court is somehow required to construe Terms 7, 14, 17, and 19 at some later date in the case.[2]

### The Parties' Meet and Confers For The Claim Construction Hearing

---

[1] For all of these groupings except one, ResMed alleged the phrases were indefinite. D.I. 65, Ex. A at 1.

[2] While ResMed suggests that it is withdrawing Terms 14 and 19 from the claim construction process, ResMed has affirmatively asserted that it will raise the construction of these terms at a later time during summary judgment, which is improper and means that ResMed is not actually withdrawing the terms from construction.

The Honorable Gregory B. Williams
July 19, 2023
Page Six

Following the Court's Order requiring the reduction of terms within the Joint Claim Construction brief (D.I. 99), ResMed proposed renumbering the joint brief, so that there would still be twenty-five (25) terms at issue, but improperly grouped together.  Ex. 2 at 7-8.  In response to CleveMed's proposal that each party select five terms from the original Joint Claim Construction claim Brief for the claim construction hearing, ResMed at first insisted that it was entitled to select eight (8) terms and CleveMed was limited to identifying two (2) terms for the claim construction hearing.  *Id.* at 6-7.  ResMed reasoned that since it initially identified more terms for construction in March 2023 when the parties first began the claim construction process, it gets to dictate 80% of the terms that were to be argued at the claim construction hearing.  CleveMed made its best efforts to continue to meet and confer with ResMed, which resulted in ResMed claiming that: (i) CleveMed can identify three (3) terms for the hearing, and (ii) that Terms 14 and 19 was not part of the claim construction briefing, despite the fact that CleveMed included its arguments for these terms in the Joint Claim Construction Brief filed on June 21, 2023 and the updated version filed on July 17, 2023.  D.I. 96; D.I. 116; Ex. 2 at 3.

During the meet and confers, ResMed asserted that it could later raise claim construction issues in the case for Terms 14 and 19 (as well as for Terms 7 and 17) at different stages, including during the summary judgment stage.  Ex. 2 at 2-3.  Indeed, any attempts to try to force the Court to belatedly address claim construction later in the case, and permit ResMed to raise claim construction issues when its suits ResMed, like at the summary judgment stage, is disruptive of the Court's ability to manage the case and certainly not within the spirit of the Court's Order regarding limiting the parties to ten (10) claim terms for the claim construction hearing.  The cases ResMed cite do not support its position.  CleveMed has not forced ResMed to "forego its invalidity defenses."  Rather, CleveMed is asking the Court to rightfully construe 5 disputed terms.  To the extent that ResMed is asserting that it has withdrawn Terms 14 and 19 (as well as Terms 7 and 17 which it "reserved"), ResMed should be affirmatively precluded from raising claim construction issues regarding these terms at a later stage in the case.

Accordingly, CleveMed requests the Court address the five terms CleveMed selected at the claim construction hearing and limit ResMed to five terms for the hearing.

The Honorable Gregory B. Williams
July 19, 2023
Page Seven

Respectfully Submitted,

*/s/ Brian A. Biggs*

Brian A. Biggs (DE Bar No. 5591)

*Counsel for Defendant ResMed Inc.*

cc: All Counsel of Record (via CM/ECF and Email)\