**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CLEVELAND MEDICAL DEVICES INC.,<br>an Ohio Corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>RESMED INC., a Delaware Corporation,<br><br>        Defendant. | C.A. No. 22-794-GBW |

## MEMORANDUM ORDER

In this patent infringement action involving sleep disorder testing and therapy, Plaintiff Cleveland Medical Devices Inc. ("CleveMed" or "Plaintiff") asserts U.S. Patent Nos. 10,076,269 (the "'269 Patent"), 10,426,399 (the "'399 Patent"), 10,925,535 (the "'535 Patent"), 11,064,937 (the "'937 Patent"), 10,028,698 (the "'698 Patent"), 11,202,603 (the "'603 Patent"), 10,478,118 (the "'118 Patent"), and 11,234,637 (the "'637 Patent") against Defendant ResMed Inc. ("ResMed" or "Defendant").[1] *See generally* D.I. 1 (the "Complaint"). CleveMed asserts direct, indirect, and willful infringement. *Id.* ResMed has moved to dismiss all counts of the Complaint for failure to state a claim. D.I. 12 (the "Motion"). The Motion has been fully briefed. D.I. 13, 20, 25. For the following reasons, the Motion is granted-in-part and denied-in-part.

## I.    LEGAL STANDARD

To state a claim on which relief can be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2).

---

[1] At argument, ResMed stated (and CleveMed did not dispute) that CleveMed dropped the '118 Patent from this action when serving its infringement contentions. Tr. 122:2-7. Accordingly, the Court's analysis proceeds with the understanding that the '118 Patent is no longer at issue in this action.

Such a claim must plausibly suggest "facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Doe v. Princeton Univ.*, 30 F.4th 335, 342 (3d Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Klotz v. Celentano Stadtmauer & Walentowicz LLP*, 991 F.3d 458, 462 (3d Cir. 2021) (quoting *Iqbal*, 556 U.S. at 678). But the Court will "'disregard legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements.'" *Princeton Univ.*, 30 F.4th at 342 (quoting *Davis v. Wells Fargo*, 824 F.3d 333, 341 (3d Cir. 2016)). Under Rule 12(b)(6), the Court must accept as true all factual allegations in the Complaint and view those facts in the light most favorable to the plaintiff. *See Fed. Trade Comm'n v. AbbVie Inc*, 976 F.3d 327, 351 (3d Cir. 2020).

## II.   DISCUSSION

### A.   Direct Infringement of the '269 Patent

ResMed argues that CleveMed failed to plead that ResMed's products meet the "base station, cellular phone, or PDA" limitation recited in claim 15 of the '269 Patent, which ResMed characterizes as "the only claim asserted from the '269 [P]atent." D.I. 13 at 1.    This Court disagrees.

To plead direct infringement, a plaintiff must recite "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). "[A] plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Id.*

Inferring the Complaint in CleveMed's favor, *Twombly*, 550 U.S. at 556, CleveMed's allegations plausibly state a claim for direct infringement of the '269 Patent. Although ResMed argues that CleveMed has not alleged that ResMed provides a "base station, cellular phone, or PDA,"[2] CleveMed's allegations and the attached exhibits[3] addressing, for example, the accused AirSense 11 device under a final assembler theory could plausibly satisfy the elements of claim 15, including the "base station, cellular phone, or PDA" limitation. *See, e.g.*, D.I. 1 ¶¶ 84-93; D.I. 1-1, Ex. 24; D.I. 1-2, Ex. 25.

ResMed rejects CleveMed's final assembler theory arguing that a customer, not ResMed, is the purported "final assembler." D.I. 25 at 4. But CleveMed pleads that "[t]o the extent any components of the claimed systems are provided by ResMed's customers, ResMed directly infringes by acting as the final assembler of the infringing system. ResMed configures the infringing system that requires the use of the infringing components." D.I. 1 ¶ 84. Under Federal Circuit precedent, this allegation is sufficient. *See Centrak, Inc. v. Sonitor Techs., Inc.*, 915 F.3d 1360, 1371 (Fed. Cir. 2019) (explaining that "a final assembler can be liable for making an infringing combination—assuming the evidence supports such a finding—even if it does not make each individual component element").

CleveMed has also satisfactorily pled direct infringement under the doctrine of equivalents. Although ResMed argues that CleveMed's "conclusory reference" to the doctrine of equivalents

---

[2] D.I. 13 at 6; see also '269 Patent cl. 15. ResMed characterizes claim 15 as "the only claim asserted from the '269 Patent," D.I. 13 at 1. Asserted claim 15, however, appears exemplary in view of CleveMed's use of "at least" language in the Complaint. *See, e.g.*, D.I. 1 ¶ 81. ("ResMed has infringed and continues to infringe at least Claim 15 of the '269 Patent in violation of 35 U.S.C. § 271(a)."). Thus, this Court at this stage cannot adopt ResMed's view that the Complaint necessarily rendered other claims unasserted.

[3] The Court may consider exhibits attached to CleveMed's Complaint. *See Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

"without any supporting facts does not save Count I from dismissal," D.I. 25 at 4, at least one court in the District of Delaware has held that "[b]oilerplate invocations of the doctrine of equivalents as an alternative to literal infringement are sufficient" to survive a motion to dismiss. *Metrom Rail, LLC v. Siemens Mobility, Inc.*, C.A. No. 22-49-RGA, 2023 WL 2598775, at *1 (D. Del. Mar. 22, 2023); *see* D.I. 1 ¶¶ 79, 82, 97. Further, while ResMed relies upon *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1355 (Fed. Cir. 2018) to argue that "CleveMed cannot ignore key structural claim limitations by invoking the 'doctrine of equivalents,'" D.I. 25 at 4, the Court does not read *Nalco* in this way. Although the Federal Circuit in *Nalco* reversed the district court's dismissal of an infringement claim under the doctrine of equivalents when the complaint "explicitly incorporated detailed infringement contentions explaining its doctrine of equivalents claim," this Court understands *Nalco* to have made pleading such "detailed infringement contentions" sufficient—but not *necessary*—to survive a motion to dismiss. *See Nalco*, 883 F.3d at 1355 ("Defendants have failed to explain why these allegations do not adequately state a claim under the doctrine of equivalents, and we see no reason why these allegations are insufficient to plead infringement by equivalents.").

Accordingly, with respect to direct infringement of the '269 Patent, the Motion is denied.

## B.   Indirect Infringement of the '269 Patent

ResMed argues that CleveMed's contributory and induced infringement claims related to the '269 Patent should be dismissed because the accused products have substantial noninfringing uses. D.I. 13 at 9. This Court disagrees.

### 1.   Contributory Infringement of the '269 Patent

To plead contributory infringement under 35 U.S.C. § 271(c), a plaintiff must plead, *inter alia*, that "the component has no substantial noninfringing uses." *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010); *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018).

The Federal Circuit has held that affirmatively pleading the absence of substantial non-infringing uses renders the claim plausible if the pleadings do not undermine that allegation. *In re Bill of Lading*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).

Here, the Complaint alleges that "CleveMed is informed and believes ResMed knows that its products are particularly suited to be used in an infringing manner and that ResMed is aware that its products are not staple articles suitable for substantial noninfringing use." D.I. 1 ¶ 99. At this stage, this affirmative allegation regarding the absence of substantial non-infringing uses is sufficient to plead a claim for contributory infringement. *See Jackson v. Seaspine Holdings Corp.*, C.A. No. 20-1784-RGA, 2022 WL 610703, at *7 (D. Del. Feb. 14, 2022); *Merck Sharp & Dohme Corp. v. Teva Pharms. USA, Inc.*, C.A. No. 14-874-SLR-SRF, 2015 WL 4036951, at *7 (D. Del. July 1, 2015), *report and recommendation adopted*, C.A. No. 14-874-SLR-SRF, 2015 WL 4477699 (D. Del. July 22, 2015). Although ResMed cites to exhibits attached to CleveMed's Complaint to discredit ResMed's allegations as pled, D.I. 13 at 10-11, such factual disputes cannot be resolved in ResMed's favor at the pleading stage. *Bot M8*, 4 F.4th at 1346.

Thus, with respect to CleveMed's claim for contributory infringement of the '269 Patent, the Motion is denied.

### 2.    Induced Infringement of the '269 Patent

To plead induced infringement under 35 U.S.C. § 271(b), "a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). "Section 271(b), on inducement, does not contain the 'substantial noninfringing use' restriction of section 271(c), on contributory infringement." *Sanofi v. Watson Lab'ys Inc.*, 875 F.3d 636, 646 (Fed. Cir. 2017).

Here, ResMed relies on *Vita-Mix Corp. v. Basic Holding, Inc.* to argue that "where a product has substantial non-infringing uses, intent to induce infringement cannot be inferred even when the defendant has actual knowledge that some users of its product may be infringing the patent." D.I. 13 at 9 (quoting *Vita-Mix*, 581 F.3d at 1329). But the Court is not aware of any authority requiring a plaintiff to plead that there are no substantial noninfringing uses to sustain an induced infringement claim. Indeed, the Federal Circuit has noted that "[s]ection 271(b), on inducement, does not contain the 'substantial noninfringing use' restriction of section 271(c), on contributory infringement." *Sanofi*, 875 F.3d at 646.[4] Accordingly, the Court cannot discern, nor does ResMed offer, a basis for a different inducement rule here.

Thus, the Court cannot at this stage dismiss CleveMed's induced infringement claim on the basis that the accused products have substantial non-infringing uses. On this ground, the Motion is denied.

### C.   Pre-Suit Indirect Infringement

ResMed argues that CleveMed's claims of pre-suit indirect infringement fail because CleveMed does not allege that ResMed had "knowledge of the patent in suit and knowledge of patent infringement." D.I. 13 at 11 (citing *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015)). This Court agrees.

---

[4] *Sanofi*, 875 F.3d at 646 ("[T]the core holding of *Grokster*, a copyright decision that drew expressly on patent and other inducement law, is precisely that a person can be liable for inducing an infringing use of a product even if the product has substantial noninfringing uses (like the peer-to-peer software product at issue there, which was capable of infringing and non-infringing uses). There is no basis for a different inducement rule for drug labels." (citing *Metro-Goldwyn-Mayer Studios Inc. v. Grokster Ltd.*, 545 U.S. 913, 934–37 (2005)).

### 1.   Pre-Suit Knowledge of the '535, '937, '698, '603, and '637 Patents

Both induced and contributory infringement require knowledge of the asserted patent. *Bio-Rad Lab'ys, Inc. v. Int'l Trade Comm'n*, 998 F.3d 1320, 1335 (Fed. Cir. 2021).

Here, CleveMed has not adequately pled that ResMed had pre-suit knowledge of the '535, '937, '698, '603, and '637 Patents. CleveMed argues that ResMed's knowledge "can be reasonably inferred from CleveMed's detailed allegations" (D.I. 20 at 13) describing CleveMed and ResMed's discussions between 2017 and 2019 involving CleveMed's other patents. D.I. 1 ¶¶ 71-74. But the '535, '937, '698, '603, and '637 Patents were issued on or after February 23, 2021—two years after the parties' last alleged communication in 2019. As a result, CleveMed's allegations as pled are insufficient to infer pre-suit knowledge to sustain a pre-suit indirect infringement claim.[5] *See Wrinkl, Inc. v. Facebook, Inc.*, C.A. No. 20-1345-RGA, 2021 WL 4477022, at *6 (D. Del. Sept. 30, 2021) ("It appears that the Complaint attempts to tie Facebook's pre-suit knowledge of the '192 Patent to the email exchange in October 2018. The '192 Patent did not issue, however, until July 2020. Compounding the scant pleading, Wrinkl's briefing addresses only the email exchange that references the '198 Patent and does not address the '192 Patent. In light of these issues, I agree with Facebook that Wrinkl's allegations do not contain sufficient factual matter to support a finding of pre-suit knowledge of the '192 Patent."); *Jackson*, 2022 WL 610703, at *5. Although "alleged knowledge of patent family members and related patents, along with other allegations, can be sufficient to overcome a motion to dismiss," CleveMed's Complaint

---

[5] At oral argument, CleveMed suggested that CleveMed's practice to mark coupled with CleveMed and ResMed's status as competitors permit this Court to infer pre-suit patent knowledge. Tr. 126:17-23. But CleveMed never raised that argument in its briefing on the Motion, and it has accordingly been either forfeited or waived. *See Est. of Carmel by Warlen v. GIII Accumulation Tr.*, C.A. No. 21-658 (MN) (JLH), 2023 WL 2727581, at *4 (D. Del. Mar. 31, 2023); *see also United States v. Dowdell*, 70 F.4th 134, 140 (3d Cir. 2023) (distinguishing between waiver and forfeiture).

lacks any "other allegations" that may have otherwise saved its pre-suit indirect infringement claims from dismissal. *Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, C.A. No. 14-1430-LPS-CJB, 2015 WL 5725768, at *3 (D. Del. Sept. 29, 2015), *report and recommendation adopted*, C.A. No. 14-1430-LPS-CJB, 2016 WL 1274812 (D. Del. Mar. 31, 2016).

### 2. Pre-Suit Knowledge of Infringement of the '269 and '399 Patents

In addition to pleading knowledge of the patent, both induced and contributory infringement claims require pleading knowledge of infringement of the patent. *Bio-Rad*, 998 F.3d at 1335 (explaining that induced infringement under 35 U.S.C. § 271(b) requires, *inter alia*, proof that "the defendant knew or should have known that the induced acts constitute patent infringement" and that contributory infringement under 35 U.S.C. § 271(c) requires, *inter alia*, proof that "the defendant had knowledge of patent infringement").

Here, while the parties do not dispute that CleveMed pled pre-suit knowledge of the '269 and '399 Patents,[6] CleveMed has not adequately pled that ResMed had pre-suit knowledge of infringement of the '269 and '399 patents for at least two reasons.

First, CleveMed may not depend on conclusory allegations to state a willfulness claim. *See Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, C.A. No. 19-1239-CFC, 2020 WL 4365809, at *2 (D. Del. July 30, 2020) (explaining that "conclusory statements that merely recite the legal requirements for induced infringement" are insufficient to plead pre-suit knowledge of infringement). CleveMed did just that. *See, e.g.*, D.I. 1 ¶¶ 97, 127 ("CleveMed is informed and believes ResMed has known or was willfully blind to the fact that it is inducing others to infringe by practicing, either themselves or in conjunction with ResMed, one or more claims of the '269 Patent, including Claim 15."); *see also id.* ¶ 75 ("CleveMed is informed and believes that, despite

---

[6] *See* D.I. 1 ¶¶ 73-74.

ResMed's notice and knowledge of the Asserted Patents and CleveMed's patented technology, ResMed made the deliberate decision to sell products and services that it knew infringes CleveMed's Asserted Patents.").

Second, CleveMed's pleading deficiencies with respect to pre-suit knowledge of infringement are highlighted vis-à-vis the cases upon which CleveMed relies. In *Tonal*, the accused infringer received a letter from the patentee that identified the accused product, stated that the product infringed a specific patent claim in suit, and explained why the accused device's components read on the claims' limitations. C.A. No. 20-1197-LPS, 2021 WL 1785072, at *4 (D. Del. May 5, 2021), *report and recommendation adopted*, C.A. No. 20-1197-LPS, 2021 WL 5860783 (D. Del. Aug. 12, 2021). The court inferred that "(1) if [the accused infringer] received the . . . letter, and (2) if what [the patentee] says is true about how the [accused] Device infringes the patents-in-suit, then (3) [the accused infringer] did then know of its infringement thereafter." *Id.* at *4. Here, CleveMed pleads that CleveMed sent ResMed a chart identifying the '269 Patent and Notices of Allowance identifying the '399 Patents. D.I. 1 ¶¶ 96; 73-74. Nowhere does CleveMed allege that its correspondence with ResMed identified ResMed's accused products, identified CleveMed's asserted patent and claims allegedly infringed, and explained why ResMed's accused products or components read on the claims' limitations. These omissions distinguish CleveMed's Complaint from the complaint in *Tonal*.

CleveMed's lack of detail also distances the Complaint from *Ravgen, Inc. v. Ariosa Diagnostics, Inc.* In *Ravgen*, the court recommended denying defendants' motion to dismiss induced infringement and willful infringement claims when defendants (i) acknowledged pre-suit knowledge of the asserted patents; (ii) the complaint alleged "that the innovations claimed by the asserted patents were widely publicized in prominent medical journals and received worldwide

press coverage from prominent news outlets"; (iii) that the defendants "regularly monitor patents and litigation in the field of prenatal diagnostics and liquid biopsy to determine whether any of their products infringe any patents"; (iv) that the defendants "themselves cited the asserted patents during the prosecution of some of their own patent applications"; (v) that the defendants cited the asserted patents as prior art; (vi) and that plaintiff and defendants engaged in discussions pertaining to defendants' technology. C.A. No. 20-1646-RGA-JLH, 2021 WL 3526178, at *3 (D. Del. Aug. 11, 2021). Viewing these allegations as a whole, the court concluded: "While I am not sure that any one of these facts on its own would be sufficient to permit an inference that the . . . Defendants knew that their acts infringed the asserted patents, I find that it is at least plausible to infer from these facts taken together that the Roche Defendants had such knowledge." *Id*. In contrast, CleveMed's pleading does not contain the level of specificity that was satisfactory in *Ravgen*.

Third, CleveMed appears to defend its induced infringement claim by conflating knowledge of inducing the infringing acts with 35 U.S.C. § 271(b)'s specific intent element. *See* D.I. 20 at 21 ("Contrary to ResMed's arguments, CleveMed pled detailed facts demonstrating that ResMed had knowledge that the Accused Products infringe the Asserted Patents. With respect to inducement of infringement, a complaint sufficiently pleads intent by identifying the instructions from the defendant to the customer to use products in an infringing manner, coupled with the customer's infringing use."). CleveMed then claims it "alleged various facts showing ResMed's instructions to customers that resulted in infringing use." *Id.* at 16. However, specific intent is a distinct element from the knowing inducement of infringing acts: "A party asserting a claim of induced infringement must plead facts plausibly demonstrating that there has been direct infringement, and that 'the alleged inducer knew of the patent, knowingly induced the infringing

acts, and possessed a specific intent to encourage another's infringement of the patent.'" *Tonal*, 2021 WL 1785072, at *3 (quoting *Vita-Mix*, 581 F.3d at 1328)).

Even if CleveMed had not conflated these elements, CleveMed does not explain what ResMed purportedly provides in its "instructions to customers that resulted in infringing use" (D.I. 20 at 16)—an omission that further discourages this Court to find CleveMed's claims well-pled. *Compare Tonal*, 2021 WL 1785072, at *4 ("Now it is true, as [the accused infringer] notes, that [the patentee] does not provide any more information about what was written in those manuals or websites. In some cases, that lack of detail might make a difference and result in the grant of a motion to dismiss.") (citations omitted), *with* D.I. 1 ¶¶ 98, 128 ("Such instructions and encouragement include, but are not limited to, advising third parties to use the . . . Accused Products in an infringing manner through direct communications; training and support contracts, sales calls between ResMed employees and its customers; directing distributors, partners, and manufacturers how to install and configure the Accused Products; and by advertising and promoting the use of the . . . Accused Products in an infringing manner, including the material cited herein and above in the direct infringement allegations" and that "ResMed distributes release notes, webinars, guidelines, videos, manuals, white papers, and trainings to third parties on how the . . . Accused Products must be used and shows them being used in an infringing manner.").

Thus, with respect to CleveMed's pre-suit indirect infringement claims, the Motion is granted, and the claims are dismissed.

### D.    Willfulness

ResMed argues that CleveMed cannot plausibly allege a claim of willful infringement because CleveMed does not allege that ResMed had pre-suit knowledge of the asserted patents and knew that its actions constituted infringement. D.I. 13 at 2. This Court agrees.

To sustain a willfulness claim, a plaintiff must plead both knowledge of the patent and of the infringement. *iFIT Inc. v. Peloton Interactive, Inc.*, C.A. No. 21-507-RGA, 2022 WL 609605, at \*2 (D. Del. Jan. 28, 2022); *see also Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 105 (2016); *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021); *SRI Int'l, Inc. v. Cisco Systems, Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021).

### 1. CleveMed Does Not Plausibly Allege Knowledge of the '535, '937, '698, '603, and '637 Patents

As discussed *supra*, CleveMed has not plead facts from which the Court can infer pre-suit knowledge of the '535, '937, '698, '603, and '637 Patents. Although this Court recognizes the conflicting authority in the District of Delaware on whether the filing of the complaint may establish knowledge for willfulness,[7] this Court adopts the view that "[t]he complaint itself cannot serve as the basis for a defendant's actionable knowledge" for a willful infringement claim. *See, e.g.*, *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2019 WL 1349468, at \*2 (D. Del. Mar. 26, 2019). Accordingly, because *CleveMed* alleges neither pre-suit nor post-suit knowledge with respect to the '535, '937, '698, '603, and '637 Patents, the Motion is granted on this ground and CleveMed's willfulness claims are dismissed.

---

[7] *Compare IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 18-826-WCB, 2019 WL 330515, at \*4 (D. Del. Jan. 25, 2019) (finding that "As to [defendant's] post-suit activities ... knowledge of the patents was clearly conveyed to [defendant] by the service of the complaint"), *with Pact XPP Schweiz AG v. Intel Corp.*, C.A. No. 19-01006-JDW, 2023 WL 2631503, at \*5 (D. Del. Mar. 24, 2023) ("There are many reasons why a complaint can't constitute the basis willful infringement, among them that a complaint can't constitute an element of a claim that it purports to raise, and that it would mean all infringement suits involve willful infringement.").

### 2. CleveMed Does Not Plausibly Allege Knowledge of Infringement of the '269 and '399 Patents

Although ResMed does not appear to dispute that it had pre-suit knowledge of the '269 and '399 Patents, CleveMed has not plead facts plausibly showing that ResMed knew or should have known of its alleged infringement. CleveMed's claim stands on its conclusory allegation that "CleveMed is informed and believes that, despite ResMed's notice and knowledge of the Asserted Patents and CleveMed's patented technology, ResMed made the deliberate decision to sell products and services that it knew infringes CleveMed's Asserted Patents." D.I. 1 at ¶ 75. But that allegation is insufficient to plead knowledge of infringement. *See, e.g.*, *iFIT*, 2022 WL 609605, at *2 ("iFIT alleges that despite Peloton's knowledge of the patent, it continues to sell the infringing Bike+ product. This is insufficient."). Although CleveMed maintains that paragraphs 70-78 of its Complaint "further allege[] ResMed's knowledge of its infringement," D.I. 20 at 17, they plainly do not assert any nonconclusory facts supporting an inference of "deliberate or intentional infringement." *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021). Accordingly, because CleveMed does not plead knowledge of infringement with respect to the '269 and '399 Patents, the Motion is granted on this ground, and CleveMed's willfulness claims are dismissed.

### E.    ResMed Inc. Is Not An Improper Party

ResMed argues that defendant entity ResMed Inc. is not the proper party in this action from which CleveMed can obtain relief because ResMed Inc. is a "holding company for the ResMed Group" and "does not design, manufacture, or sell the accused products." D.I. 13 at 18-19. However, in *N.Y. Univ. v. ResMed Inc.*, C.A. No. 21-813-JPM (D. Del.), a different case involving ResMed Inc. pending in the District of Delaware, ResMed conceded to being the appropriate party for certain of the same products accused in this action. *Compare* Complaint, D.I 1 ¶ 9, C.A. No.

21-813-JPM ("Specifically, Defendant's products are used and/or sold within and throughout the United States, including in Delaware.  On information and belief, AirSenseTM 10 AutoSetTM systems are prescribed by medical professionals practicing in Delaware, sold by distributors located within Delaware, and used by patients in Delaware.  Each of these activities has a substantial effect within Delaware, as they constitute infringement, directly and indirectly, of the patents-in-suit."), *with* Answer, D.I. 14 ¶ 9, C.A. No. 21-813-JPM ("ResMed admits that AirSense™10 AutoSet™ systems are sold in the United States, but denies the remaining allegations of this paragraph.").  Taking judicial notice of ResMed's pleadings which are a matter of public record,[8] this Court cannot conclude at this stage that ResMed Inc. is an improper party. On this ground, the Motion is denied.

## III.    CONCLUSION

For the foregoing reasons, the Motion is denied-in-part and granted-in-part.

---

[8] In deciding a motion to dismiss, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

\* \* \*

**WHEREFORE**, this 2nd day of October, 2023, **IT IS HEREBY ORDERED** that the Motion is granted-in-part and denied-in-part as follows:

1.   The Motion is **GRANTED** with respect to CleveMed's pre-suit induced infringement claims;

2.   The Motion is **GRANTED** with respect to CleveMed's willfulness claims; and

3.   The Motion is otherwise **DENIED**.

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE