## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

CLEVELAND MEDICAL DEVICES INC.,

               Plaintiff,

       v.

RESMED INC.,

               Defendant.

C.A. No. 22-794-GBW

---

## ORDER

At Wilmington, this 20th day of October, for the reasons stated during the October 18, 2023 teleconference,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Compel Defendant to limit asserted prior art references in its Initial Invalidity Contentions to ten (10) references is **GRANTED.** On March 9, 2023, the Court issued an Oral Order, D.I. 56, requiring the parties to conform their contentions to the per-patent cap of ten references pursuant to the Court's Scheduling Order, D.I. 40. While Defendant amended its initial invalidity contentions for the '269 Patent shortly thereafter, Defendant's Contentions continued to cite over twenty (20) references. *See generally* D.I. 164-1, D.I. 164-2. According to Defendant, these additional cited references were "background prior art references to explain the state of the art at the time of the invention." D.I. 169 at 2. While Defendant contends that it "went the extra mile by providing those background references in its invalidity charts," the Court does not judge the sufficiency of invalidity contentions solely on the volume of information provided.

*See id.* Rather, the Court expects Defendant to identify its invalidity theories with specificity by noting which of the ten (10) prior art references support each theory and why. By citing language from a multiplicity of "background" sources, Defendant has shifted to Plaintiff the burden of sorting through 200 pages of materials and speculating as to Defendant's invalidity theories. In doing so, Defendant has failed to provide adequate notice. Thus, Defendant is ordered to amend its Initial Invalidity Contentions to assert no more than ten (10) prior art references. However, Defendant's request to treat *each* of the four (4) prior art systems currently identified in its Initial Invalidity Contentions as one prior art source, see D.I. 164-1 at 20-21, is **GRANTED**.

2. Plaintiff's Motion to Compel Defendant to amend its Initial Invalidity Contentions for the '269 Patent to identify the specific references it is asserting for anticipation versus the specific references it is asserting for obviousness is **GRANTED.** Invalidity contentions that fail to "provide any hint as to which references may render the claims anticipated versus which references may render the claims obvious" fall short of meeting this standard. *Integra LifeSciences Corp. v. HyperBranch Med. Tech., Inc.*, 223 F. Supp. 3d 202, 205 (D. Del. 2016). Thus, for each limitation, Defendant's Initial Invalidity Contentions should specify which references it is asserting for anticipation and separately which references it is asserting for obviousness.

3. Plaintiff's Motion to Compel Defendant to identify the specific combinations of references it is asserting in support of its obviousness theory, including which claim elements Defendant alleges exist in any specific reference, is **GRANTED.** For each of its invalidity theories, Defendant should include supporting evidence. In support of its

obviousness theories in particular, Defendant's explanation should include identification of the claim element(s) disclosed by each reference in the combination.

4. Plaintiff's Motion to Compel Defendant to provide discovery on its inventorship defense is **DENIED**. Defendant asserted before the Court that it has produced all documents in its possession relevant to this defense and has identified three (3) prior employees with related information, and Plaintiff has deposed only one (1) of them. Thus, the Court is not convinced that Defendant's discovery is deficient.

5. Plaintiff's Motion to Compel Defendant to provide the factual and legal basis for its defenses is **GRANTED-IN-PART** and **DENIED-IN-PART**. The Court grants Plaintiff's Motion to Compel Defendant to provide the factual and legal basis for its standing defense. At this time, the Court will not compel Defendant to provide the factual and legal bases for its government sales and prosecution estoppel defenses since Defendant clarified before the Court that it expects to supplement its disclosures as to both defenses soon.

6. Defendant's Motion to Compel Plaintiff to provide a complete response to Defendant's Interrogatory No. 15 seeking the identity of and details related to all third-party litigation funders is **DENIED** without prejudice. The Court is not persuaded that standing is at issue since Plaintiff has already disclosed that, "[b]esides CleveMed, no person or entity has currently or had previously an ownership or financial interest in the Patents-in-Suit." D.I. 83 at 4 (citing Ex. 11, D.I. 83 at 131). Thus, standing cannot form the basis for a discovery request where, as here, "Defendant does not refer to any specific evidence or support showing that Plaintiff here does not have 'all rights, titles, and interests in the asserted patents' as Plaintiff claims." *Colibri Heart Valve LLC v. Medtronic CoreValve*

*LLC*, 2021 WL 10425630, at *3 (C.D. Cal. Mar. 26, 2021). Similarly, Defendant cannot base its request for litigation funding discovery on witness bias or credibility when it has given the Court no "specific, articulated reason to suspect bias or conflicts of interest." *See Nantworks, LLC v. Niantic, Inc.*, No. 20-cv-06262-LB, 2022 WL 1500011, at *2 (N.D. Cal. May 12, 2022). Finally, while this Court has previously held that materials discussing litigation funding *may* be relevant to the value of asserted patents, Defendant has not presented the Court with any reason to believe that such documents are relevant here. *Cirba Inc. v. VMWare, Inc.*, C.A. No. 19-742-GBW, at ¶ 3 (D. Del. Apr. 18, 2023) (D.I. 1725). Plaintiff, on the other hand, asserts that no documents in its possession relate to the value of the asserted patents, and Defendant will be provided information regarding the value of each asserted claims through Plaintiff's damages expert report. Thus, the Court is not convinced at this time that there exists a substantial need to justify compelling litigation funding discovery.

7.  Having resolved Plaintiff's Motions to Compel, the Court orders Defendant to amend its initial invalidity contentions by **November 10, 2023**.

\*\*\*

GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE