IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CLEVELAND MEDICAL DEVICES INC., an Ohio Corporation, <br><br> Plaintiff, <br><br> v. <br><br> RESMED INC., a Delaware Corporation, <br><br> Defendant. | ) ) ) ) ) ) ) C.A. No. 22-794-GBW ) ) ) ) ) |

**PLAINTIFF CLEVELAND MEDICAL DEVICES INC.'S REPLY IN SUPPORT OF
MOTION TO STRIKE INSUFFICIENTLY PLED AFFIRMATIVE DEFENSES**

OF COUNSEL:

Paul J. Andre
Lisa Kobialka
James Hannah
Jennifer Gilbert
Timothy Layden
Sabah Khokhar
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
333 Twin Dolphin Drive
Suite 700
Redwood Shores, CA 94065
(650) 752-1700

Benu Wells
KRAMER LEVIN NAFTALIS
 & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100

Dated: November 6, 2023

Philip A. Rovner (#3215)
Jonathan Choa (#5319)
POTTER ANDERSON & CORROON LLP
Hercules Plaza
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000
provner@potteranderson.com
jchoa@potteranderson.com

*Attorneys for Plaintiff,*
Cleveland Medical Devices Inc.

Dear Judge Williams,

CleveMed's Motion to Strike is not moot because Defendant's amended pleading fails to meet the pleading requirements of Federal Rule of Civil Procedure 9(b).

I.  **DEFENDANT INSUFFICIENTLY PLED AFFIRMATIVE DEFENSE OF INEQUITABLE CONDUCT**

Defendant's amended answer (D.I. 183), filed on November 3, 2023, suffers from many of the same fatal flaws that CleveMed raised in its opening motion under Federal Rules of Civil Procedure 12(f) and 9(b).  While Defendant's amended pleading made nominal changes to its conclusory inequitable conduct allegations, the amended pleading still fails to properly allege a specific intent to deceive the United States Patent and Trademark Office ("PTO"), and purported materiality of the prior art at issue.  *Analog Devices, Inc. v. Xilinx, Inc.*, No. 19-CV-2225-RGA, 2021 WL 466859, at *1 (D. Del. Feb. 9, 2021).  Specifically, Defendant's inequitable conduct allegations lack the requisite detailed factual averments as to any individual's deliberate decision to withhold material prior art to the PTO and why the PTO would not have allowed a claim had it been aware of the alleged undisclosed prior art.  *Id.*; *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1327 (Fed. Cir. 2009).  Because pleading inequitable conduct requires far greater particularity, Defendant's amended allegations in support of its inequitable conduct affirmative defense remain fatally deficient.  *Allergan USA, Inc. v. Prollenium US Inc.*, No. 19-126-CFC-SRF, 2019 WL 7298569, at *8 (D. Del. Dec. 30, 2019).

   A.  **Defendant Did Not Plead Any Intent with Specificity**

Defendant's amended affirmative defense of inequitable conduct is insufficient as a matter of law because it simply alleged knowledge of a reference and the non-disclosure of that reference, which is "is inadequate as [a] matter of law." *Analog*, 2021 WL 466859, at *3; *see, e.g.*, D.I. 183 at ¶ 352.  Indeed, "[p]roving that the applicant knew of a reference, should have known of its materiality, and decided not to submit it to the PTO does not prove specific intent to deceive." *Analog*, 2021 WL 466859, at *3 (citation omitted) (finding pleadings were insufficient to plead specific intent where the allegations were simply that the inventor would have recognized the materiality of the reference but decided to "withhold" the reference from the PTO).  Despite amending its affirmative defense, Defendant did not plead anything regarding a specific intent.  Specifically, Defendant's pleadings do not "suggest any 'deliberate decision to withhold a known material reference' or to make a knowingly false misrepresentation—a necessary predicate for inferring deceptive intent." *Exergen*, 575 F.3d at 1331.  In fact, conspicuously absent from Defendant's pleading are any factual allegations that would support a reasonable inference that any specific individual made a deliberate decision to withhold any of the allegedly material information ***with an intent to deceive the PTO***, including any facts about how CleveMed did not follow its methods for disclosing prior art to the PTO.  Further, there are no allegations that there was any motivation to ***intentionally withhold material*** prior art from the PTO.  *Allergan*, 2019 WL 7298569, at *8-9 (recommending dismissal of inequitable conduct claim where allegations failed to recite "specifics" to support a reasonable inference of specific intent to deceive the PTO).

### B.   Defendant Made Only Vague and Conclusory Allegations of Materiality

Defendant's amended allegations regarding the purported prior art references are deficient because they lack facts to support a reasonable inference that they were "but-for" material to the patentability of the Patents-in-Suit, i.e., why the PTO would not have permitted the claims if it had been aware of the alleged prior art.  For example, despite again providing a chart of the Patents-in-Suit and the alleged prior art references, Defendant did not amend its pleadings to provide any support or explanation for the conclusory statement that "the copied portions provide in large part the specification support for each of the asserted claims."  *See, e.g.*, D.I. 183 at ¶¶ 340, 367.  Defendant's boilerplate assertions "are too general" and, like the failed allegations in *Analog*, do not adequately address how the alleged prior art is relevant to the patentability of the asserted claims.  *Analog*, 2021 WL 466859, at *2 (finding materiality not sufficiently pled when the pleading only identified elements from an alleged prior art reference that are allegedly overlapping with the asserted claims).  Defendant thereafter repeats its conclusory assertion that "[t]his alone demonstrates a reasonable inference that the Copied HST Prior Art was material to patentability since a reasonable examiner would have rejected claims as obvious over the Copied Prior Art."  Such a conclusory allegation, however, does not plead materiality with the particularity required by Rule 9(b).  *See, e.g.*, D.I. 183 at ¶ 367; *Analog*, 2021 WL 466859, at *3 ("ADI's conclusory assertion that '[b]ut for Mr. Levi's material omission, the USPTO would not have granted one or more claims of the '184 patent' is insufficient to satisfy this pleading standard."); *see also TwinStrand Biosciences, Inc. v. Guardant Health, Inc.*, No. 21-1126-GBW-SRF, 2023 WL 1860186, at *5 (D. Del. Feb. 9, 2023) (allegation that asserted patents would not have issued had the PTO been notified of the allegedly copied claims "amounts to nothing more than a bare recitation of the materiality element, which cannot meet the heightened pleading standard of Rule 9(b)").

Pleadings regarding inequitable conduct "must contain facts that demonstrate . . . how an examiner would have used this information in assessing the patentability of the claims."  *Analog*, 2021 WL 466859, at *2 (internal quotation marks and citation omitted).  Here, Defendant's amended pleadings made no mention of how the examiner would have allegedly used the prior art to assess the patentability of the asserted claims.  As such, they are insufficient.

Finally, Defendant's allegation regarding "affirmative egregious misconduct" should be disregarded, as there are no facts that support such *per se* materiality claim, which requires acts like the "submission of a false affidavit or declaration to the USPTO."  *See* D.I. 183 at ¶ 339; *TwinStrand*, 2023 WL 1860186, at *5.  As there are no such facts alleged here and only deficient allegations based on a purported *omission*, not an *affirmative* act of egregious misconduct, Defendant's allegations should be stricken.  *Id.*

## II.   DEFENDANT INSUFFICIENTLY PLED AFFIRMATIVE DEFENSES OF ENSNAREMENT, ESTOPPEL, AND WAIVER/UNCLEAN HANDS

Defendant's amended pleading did not make any changes to its deficient, boilerplate ensnarement affirmative defense, which fails to meet the pleading standard.  *Analog*, 2021 WL 466859, at *1.  The Court should also strike Defendant's affirmative defenses of equitable estoppel and unclean hands/waiver because Defendant failed to amend these defenses at all to plead the elements of any of these defenses—again failing to meet the pleading standards pursuant to Rule 9(b), as set forth in CleveMed's opening brief.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Paul J. Andre<br>Lisa Kobialka<br>James Hannah<br>Jennifer Gilbert<br>Timothy Layden<br>Sabah Khokhar<br>KRAMER LEVIN NAFTALIS<br>  & FRANKEL LLP<br>333 Twin Dolphin Drive<br>Suite 700<br>Redwood Shores, CA 94065<br>(650) 752-1700<br><br>Benu Wells<br>KRAMER LEVIN NAFTALIS<br>  & FRANKEL LLP<br>1177 Avenue of the Americas<br>New York, NY 10036<br>(212) 715-9100<br><br>Date:  November 6, 2023 | By: */s/ Philip A. Rovner*<br>    Philip A. Rovner (#3215)<br>    Jonathan A. Choa (#5319)<br>    1313 North Market Street<br>    Wilmington, Delaware 19801<br>    provner@potteranderson.com<br>    jchoa@potteranderson.com<br>    (302) 984-6000<br><br>*Attorneys for Plaintiff*<br>*Cleveland Medical Devices Inc.* |